**STATE OF RHODE ISLAND**　　　　　　**SUPERIOR COURT**
**WASHINGTON COUNTY**

**CHRISTOPHER LACCINOLE**　　　　　**C.A. No.:**
*Plaintiff*

Vs.

**Global Payments Check Services, LLC,**　　**JURY TRIAL REQUESTED**
**&**
**Does 1-10 Inclusive;**
*Defendants*

## COMPLAINT

### I. INTRODUCTION

This is a civil action seeking remedy for violations under multiple federal and state consumer protection statutes. Plaintiff, a consumer, was harassed by debt collectors with robocalls for a debt he never owed. Plaintiff is an identity theft victim and is regularly harassed by companies like Global Payments Check Services, LLC ("Global") who seek to profit from the misery of consumers who are trapped in the web of identity theft. Plaintiff sent Global a certified letter telling Global not to call Plaintiff because Global had the wrong number. Plaintiff also asked Global to validate any debt alleged to be owed and Global refused to validate any debt. Plaintiff doesn't owe Global any money and he doesn't have any account or any business relationship with Global whatsoever.

1.　　The Plaintiff brings this action alleging that the Defendant Global and Does 1-10 engaged in harassing, abusive, and prohibited conduct while attempting to collect an alleged debt in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. § 227 (hereinafter "TCPA"), and the Rhode Island Fair Debt Collection Practices Act, RIGL § 19-14.9, *et seq.* (hereinafter "RI FDCPA"). The Plaintiff seeks statutory

1

Case Number: WC-2021-0001
Filed in Washington County Superior Court
Submitted: 1/3/2021 5:08 PM
Envelope: 2897478
Reviewer: Brittany M.

Case 1:21-cv-00090-WES-LDA   Document 1-1   Filed 02/24/21   Page 2 of 28 PageID #: 6

damages, actual damages, injunctive relief, costs, and attorney's fees for each Defendant under the FDCPA, TCPA, RIFDCPA, and RIGL § 9-30-2.

2. The Plaintiff also alleges that Defendants' conduct while attempting to collect the alleged debt constituted a deceptive practice in violation of the Rhode Island Deceptive Trade Practices Act, RIGL § 6-13.1 *et seq.* (hereinafter "DTPA"). The Plaintiff seeks statutory damages, actual damages, costs, attorney's fees, injunctive relief, and punitive damages for each Defendant under the DTPA.

3. The Plaintiff also alleges that Defendants' conduct violated Plaintiff's right to privacy under RIGL § 9-1-28.1 *et seq.* The Plaintiff seeks actual damages, costs, attorney's fees, and injunctive relief from each Defendant under the statute.

4. Any violations by Defendants were knowing, willful, intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## II. JURISDICTION AND VENUE

5. This Court has jurisdiction to hear FDCPA claims pursuant to 15 U.S.C. § 1692(k)(d).

6. This Court has jurisdiction to hear the TCPA claims in this matter pursuant to 47 U.S.C. § 227(b)(3) and 47 U.S.C. § 227(c)(5).

7. This Court has jurisdiction to hear RI FDCPA claims pursuant to RIGL § 19-14.9-13(5).

8. This Court has jurisdiction to hear RI DTPA claims pursuant to RIGL § 6-13.1-5.2.

9. This Court has jurisdiction to hear the Uniform Declaratory Judgments Act claims pursuant to RIGL § 9-30-1.

10. Venue is proper as the Plaintiff is a resident of this County and the conduct

Case Number: WC-2021-0001
Filed in Washington County Superior Court
Submitted: 1/3/2021 5:08 PM
Envelope: 2897478
Reviewer: Brittany M.

Case 1:21-cv-00090-WES-LDA   Document 1-1   Filed 02/24/21   Page 3 of 28 PageID #: 7

complained of took place in this County.

## III. PARTIES

11.  The Plaintiff is an adult resident, of the Town of Narragansett, County of
Washington, State of Rhode Island.

12.  Plaintiff has never had a business relationship with Global.

13.  Plaintiff is a consumer as that term is defined by 15 USC § 1692a(3).

14.  Plaintiff is a consumer as that term is defined by RIGL § 19-14.9-3(1).

15.  Plaintiff is a person as that term is defined or referenced by 15 USC § 1692d.

16.  Plaintiff is a person as that term is defined or referenced by RIGL § 19-14.9-6.

17.  Plaintiff is a person as that term is defined or referenced by RIGL § 6-13.1-5.2, RIGL
§ 9-1-28.1.

18.  As a consumer, Plaintiff purchased a cellular telephone for personal and household
use.

19.  In purchasing his cellular telephone and cellular telephone service, Plaintiff—as a
natural person—became obligated or allegedly obligated to pay a debt to the cellular
telephone service provider.

20.  Plaintiff's cellular telephone has a limited minutes plan, so that when Global calls
Plaintiff, it depletes the minutes on Plaintiff's plan.

21.  Upon information and belief, Defendant Global is a national collection agency
formed in the State of Illinois.

22.  The principal purpose of Global is the collection of debts using the mails and
telephone and other means.

23.  Global regularly collects or attempts to collect, directly or indirectly, debts owed or

3

due or asserted to be owed or due another that arose out of transactions in which the

money, property, or services which are the subject of the transactions are primarily

for personal, family or household purposes.

24. Global is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

25. Global is a "debt collector" as that term is defined by RIGL § 19-14.9-3 (5).

26. Global operates as a debt collector in the State of Rhode Island, and is registered

through the Rhode Island Department of Business Regulations to collect debt in the

State of Rhode Island.

27. Upon information and belief, Global may be served upon its registered agent in the

State of Rhode Island, to wit: CT Corporation, 10 Weybosset Street, Providence, RI

02903.

28. Other defendants may be discovered in the course of litigation, and Plaintiff

respectfully prays that the Court will permit the addition of later discovered parties

upon motion.

## IV. FACTUAL ALLEGATIONS

29. At all times relevant to this Complaint, Defendants were engaged in the business of

regularly collecting Debts, originally owed to third parties.

30. At all times relevant to this Complaint, Defendants acted as "Debt Collectors" as

defined by the FDCPA at 15 U.S.C. § 1692(a)(6), and the RI FDCPA at RIGL § 19-

14.9-3.

31. Plaintiff does not owe any Defendant any money.

32. Global acted at all times mentioned herein through its employee(s) and agent(s).

33. In 2019, Plaintiff purchased a phone and prepaid phone service plan.

4

34.     As part of the plan that Plaintiff purchased, there are a limited number of minutes available on the plan.

35.     On October 9, 2020 at approximately 3:02 PM EST, Plaintiff received a call from 877 215 8120.

36.     When Plaintiff answered the call, there was dead air for four seconds before Plaintiff heard a click and then an operator started talking.

37.     The operator asked to speak to "Matthew."

38.     The operator identified herself as "Global Payment Check Services about Rhode Island Sports Book"

39.     Plaintiff does not know who the caller was referring to.

40.     Plaintiff subsequently discovered that Global is a debt collector.

41.     Global continued to call Plaintiff.

42.     During several of the calls when Global called Plaintiff, Plaintiff would answer the call and there would not be anyone on the other end of the line for 7 seconds or more until the operator joined the call.

43.     During several of the calls when Global called Plaintiff, Plaintiff would answer the call and there was not a human on the other end of the call.

44.     During several of the calls when Global called Plaintiff, Plaintiff would answer the call and Global would hang up on Plaintiff.

45.     On October 21, 2020, Plaintiff sent a certified letter (return receipt requested) to Global Payments Check Services, LLC at 6215 West Howard Street, Niles, IL 60714.

46.     In Plaintiff's letter, Plaintiff provided his name, telephone number, and full mailing

5

Case Number: WC-2021-0001
Filed in Washington County Superior Court
Submitted: 1/3/2021 5:08 PM
Envelope: 2897478
Reviewer: Brittany M.

Case 1:21-cv-00090-WES-LDA    Document 1-1    Filed 02/24/21    Page 6 of 28 PageID #: 10

address.

47. In Plaintiff's letter, he stated, "*All calls are inconvenient. Please don't call me. You have the wrong number.*"

48. Global received and signed for Plaintiff's letter on October 26, 2020.

49. Upon information and belief, Defendants employ an automated telephone dialing system because there was no human on the other end of the call for over seven seconds during several of these calls. The further evidence of this system is that during some of the calls, Plaintiff heard an audible click followed by a pause and then an operator joined the call.

50. The further evidence of this automated telephone dialing system is that there was no human on the other end of Defendant's call.

51. Upon information and belief, Global uses the phone number 877 215 8120 to contact consumers such as Plaintiff.

52. Plaintiff does not have an account with Global.

53. Plaintiff does not have an account with "Rhode Island Sports Book" or for any service with a name that sounds like "Rhode Island Sports Book."

54. Plaintiff has no pre-existing business relationship with Global and never requested by an agreement or otherwise that he be contacted.

55. In the letter that Plaintiff sent to Global, Plaintiff disputed any debt, and Plaintiff asked Global to validate any debt.

56. Global never validated any debt to Plaintiff.

57. On November 2, 2020, Plaintiff received correspondence in his mail from Global.

58. Global's correspondence to Plaintiff was dated October 26, 2020.

6

59. In Global's correspondence to Plaintiff, Global did not identify it was a debt collector.

60. In Global's correspondence to Plaintiff, Global did not identify that any information obtained will be used for that purpose.

61. In Global's correspondence to Plaintiff, Global demanded to know Plaintiff's account number, Plaintiff's Date of Birth, Plaintiff's Social Security Number, Plaintiff's Driver's License, Plaintiff's address verification, Plaintiff's address history, and Plaintiff's Name Change History.

62. In Global's correspondence to Plaintiff, Global intended to intimidate Plaintiff by placing the following message at the bottom of its letter:

**DO NOT DISCARD THIS LETTER. KEEP THIS FOR FUTURE REFERENCE.**

63. Those words were so important to Global that they were printed in a bolded, all caps font and they were the only text to be so stylized in the correspondence to Plaintiff.

64. Plaintiff never provided his consent to Global to be contacted on his cellular telephone.

65. Plaintiff's phone number is part of the national Do Not Call registry.

66. Global's calls directly interfered with Plaintiff's right to peacefully enjoy a service that Plaintiff paid for and caused Plaintiff a significant amount of anxiety, frustration, and annoyance.

67. It is unfair for Global to call Plaintiff and deplete the minutes in Plaintiff's cell phone plan when Global did not have consent to call Plaintiff.

68. During all of Global's communications with Plaintiff, Global never disclosed that the debt was in dispute.

7

Case Number: WC-2021-0091
Filed in Washington County Superior Court
Submitted: 1/3/2021 5:08 PM
Envelope: 2897478
Reviewer: Brittany M.

Case 1:21-cv-00090-WES-LDA   Document 1-1   Filed 02/24/21   Page 8 of 28 PageID #: 12

69.     The telephone calls to Plaintiff's cellular telephone number were not initiated for an
        emergency purpose.

70.     The robocalls were annoying, abusive, and harassing to Plaintiff.

71.     The robocalls to Plaintiff invaded the privacy interests that the TCPA was intended
        to protect.

72.     Defendants do not maintain a written policy for maintaining a do-not-call list.

73.     Defendants have not informed and trained personnel engaged in making calls on the
        use of the do-not-call list.

74.     Plaintiff incurred damages as a result of Defendants' unlawful conduct.

75.     Defendants' phone calls harmed Plaintiff by causing the very harm that Congress
        sought to prevent—a "nuisance and invasion of privacy."

76.     Defendants' phone calls harmed Plaintiff by trespassing upon and interfering with
        Plaintiff's rights and interests in Plaintiff's cellular telephone.

77.     Defendants' phone calls harmed Plaintiff by trespassing upon and interfering with
        Plaintiff's rights and interests in Plaintiff's cellular telephone line.

78.     Defendants' phone calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

79.     Defendants harassed Plaintiff by incessantly calling Plaintiff's telephone.

80.     Defendants' phone calls harmed Plaintiff by causing Plaintiff aggravation and
        annoyance.

81.     Defendants' phone calls harmed Plaintiff by wasting Plaintiff's time.

82.     Defendants' phone calls harmed Plaintiff by depleting the battery life on Plaintiff's
        cellular telephone.

83.     Defendants' phone calls harmed Plaintiff by using minutes allocated to Plaintiff by

8

Case Number: WC-2021-0091
Filed in Washington County Superior Court
Submitted: 1/3/2021 5:08 PM
Envelope: 2897478
Reviewer: Brittany M.

1-cv-00090-WES-LDA   Document 1-1   Filed 02/24/21   Page 9 of 28 PageID #: 13

Plaintiff's cellular telephone service provider.

84. Defendants' phone calls harmed Plaintiff by using data storage space in Plaintiff's cellular telephone.

## V. STATUTORY STRUCTURE RHODE ISLAND FDCPA

85. The Rhode Island Fair Debt Collection Practices Act ("RI FDCPA") was passed by the Rhode Island General Assembly to establish standards, by defining unfair or deceptive acts or practices, for the collection of debts from Rhode Island consumers, and to establish requirements for the registering and supervision of debt collection. RIGL § 19-14.9-2.

86. Under the RI FDCPA, without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer. RIGL § 19-14.9-5(1).

87. Under the RI FDCPA, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer. RIGL § 19-14.9-5(2).

88. Under the RI FDCPA, if a consumer notifies a debt collector in writing that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt. RIGL § 19-14.9-5(2).

89. Under the RI FDCPA, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with

9

Case Number: WC-2021-0001
Filed in Washington County Superior Court
Submitted: 1/3/2021 5:08 PM
Envelope: 2897478
Reviewer: Brittany M.

Case 1:21-cv-00090-WES-LDA   Document 1-1   Filed 02/24/21   Page 10 of 28 PageID #: 14

the collection of a debt. RIGL § 19-14.9-6.

90.   Under the RI FDCPA, a debt collector may not cause a telephone to ring or engage

any person in telephone conversation repeatedly or continuously with intent to

annoy, abuse, or harass any person at the called number. RIGL § 19-14.9-6(d).

91.   Under the RI FDCPA, a debt collector may not use any false, deceptive, or

misleading representation or means in connection with the collection of any debt.

RIGL § 19-14.9-7.

92.   Under the RI FDCPA, a debt collector may not use unfair or unconscionable means

to collect or attempt to collect any debt. RIGL § 19-14.9-8.

93.   Under the RI FDCPA, within five days after the initial communication with a

consumer in connection with the collection of any debt, a debt collector shall, unless

the following information is contained in the initial communication or the consumer

has paid the debt, send the consumer a written notice containing—

(a) the amount of the debt;

(b) the name of the creditor to whom the debt is owed;

(c) a statement that unless the consumer, within thirty days after receipt of the

notice, disputes the validity of the debt, or any portion thereof, the debt will

be assumed to be valid by the debt collector;

(d) a statement that if the consumer notifies the debt collector in writing

within the thirty-day period that the debt, or any portion thereof, is disputed,

the debt collector will obtain verification of the debt or a copy of a judgment

against the consumer and a copy of such verification or judgment will be

mailed to the consumer by the debt collector; and

10

(e) a statement that, upon the consumer's written request within the thirty-day

period, the debt collector will provide the consumer with the name and

address of the original creditor, if different from the current creditor.

RIGL § 19-14.9-9 (1).

94.    Under the RI FDCPA, if the consumer notifies the debt collector in writing within

the thirty-day period described in subsection (1)(d) that the debt, or any portion

thereof, is disputed, or that the consumer requests the name and address of the

original creditor, the debt collector shall cease collection of the debt, or any disputed

portion thereof, until the debt collector obtains verification of the debt or a copy of a

judgment, or the name and address of the original creditor, and a copy of such

verification or judgment, or name and address of the original creditor, is mailed to

the consumer by the debt collector.

RIGL § 19-14.9-9 (2).

95.    Under the RI FDCPA, any debt collector who fails to comply with the provisions of

the RI FDCPA is liable for any actual damages sustained; statutory damages up to

$1,000; attorney fees as determined by the Court and costs of this action. RIGL § 19-

14.9-13.

## VI. STATUTORY STRUCTURE FDCPA

96.    The Fair Debt Collection Practices Act ("FDCPA") was passed by Congress to

eliminate abusive debt collection practices by debt collectors. 15 U.S.C.§ 1692.

97.    Under the FDCPA, a debt collector may not communicate with a consumer in

connection with the collection of any debt at any unusual time or place or a time or

place known or which should be known to be inconvenient to the consumer. 15

11

U.S.C. § 1692c(a)(1).

98.    Under the FDCPA, a debt collector may not communicate, in connection with the

collection of any debt, with any person other than the consumer. 15 U.S.C. §

1692c(b).

99.    Under the FDCPA, if a consumer notifies a debt collector in writing that the

consumer refuses to pay a debt or that the consumer wishes the debt collector to

cease further communication with the consumer, the debt collector shall not

communicate further with the consumer with respect to such debt. 15 U.S.C. §

1692c(c).

100.    Under the FDCPA, a debt collector may not engage in any conduct the natural

consequence of which is to harass, oppress, or abuse any person in connection with

the collection of a debt. 15 U.S.C. § 1692d.

101.    Under the FDCPA, a debt collector may not cause a telephone to ring or engage any

person in telephone conversation repeatedly or continuously with intent to annoy,

abuse, or harass any person at the called number. 15 U.S.C. § 1692d(5).

102.    Under the FDCPA, a debt collector may not use any false, deceptive, or misleading

representation or means in connection with the collection of any debt. 15 U.S.C. §

1692e.

103.    Under the FDCPA, a debt collector may not use unfair or unconscionable means to

collect or attempt to collect any debt. 15 U.S.C. § 1692f.

104.    Under the FDCPA, within five days after the initial communication with a consumer

in connection with the collection of any debt, a debt collector shall, unless the

following information is contained in the initial communication or the consumer has

12

Case Number: WC-2021-0001
Filed in Washington County Superior Court
Submitted: 1/3/2021 5:08 PM
Envelope: 2897478
Reviewer: Brittany M.

Case 1:21-cv-00090-WES-LDA   Document 1-1   Filed 02/24/21   Page 13 of 28 PageID #: 17

paid the debt, send the consumer a written notice containing—

> (1) the amount of the debt;
> (2) the name of the creditor to whom the debt is owed;
> (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
> (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and
> (5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

105. Under the FDCPA, if the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

13

Case Number: WC-2021-0091
Filed in Washington County Superior Court
Submitted: 1/3/2021 5:08 PM
Envelope: 2897478
Reviewer: Brittany M.

Case 1:21-cv-00090-WES-LDA   Document 1-1   Filed 02/24/21   Page 14 of 28 PageID #: 18

15 U.S.C. § 1692g(b).

106. Under the FDCPA, any debt collector who fails to comply with the provisions of the
FDCPA is liable for any actual damages sustained; statutory damages up to $1,000;
attorneys' fees and costs of this action. 15 U.S.C. § 1692k.

## VII. STATUTORY STRUCTURE RHODE ISLAND DECEPTIVE TRADE PRACTICES ACT

107. The Rhode Island Deceptive Trade Practices Act was passed to declare as unlawful
the "unfair methods of competition and unfair or deceptive acts or practices in the
conduct of any trade or commerce." RIGL § 6-13.1-2.

108. Under the Rhode Island Deceptive Trade Practices Act, a "person" means natural
persons, corporations, and any other legal entity. RIGL § 6-13.1-1 (3).

109. Under the Rhode Island Deceptive Trade Practices Act, "trade" and "commerce"
mean the sale or distribution of any services and any property, tangible or intangible,
real, personal, or mixed, and any other article, commodity, or thing of value
wherever situate, and include any trade or commerce directly or indirectly affecting
the people of Rhode Island. RIGL § 6-13.1-1 (5).

110. Under the Rhode Island Deceptive Trade Practices Act, unfair methods of
competition and unfair or deceptive acts or practices include (but are not limited to)
any one or more of the following:

   a. Engaging in any other conduct that similarly creates a likelihood of confusion
      or of misunderstanding [RIGL § 6-13.1-1 (6) (xii)].
   b. Engaging in any act or practice that is unfair or deceptive to the consumer
      [RIGL § 6-13.1-1 (6) (xiii)].
   c. Using any other methods, acts or practices which mislead or deceive members
      of the public in a material respect [RIGL § 6-13.1-1 (6) (xiv)].

111. The Rhode Island Deceptive Trade Practices Act does not define consumer. RIGL §

14

Case Number: WC-2021-0001
Filed in Washington County Superior Court
Submitted: 1/3/2021 5:08 PM
Envelope: 2897478
Reviewer: Brittany M.

Case 1:21-cv-00090-WES-LDA   Document 1-1   Filed 02/24/21   Page 15 of 28 PageID #: 19

6-13.1-1.

112.    The remedies available under the Rhode Island Deceptive Trade Practices Act are available to "any person" and are not limited to consumers. RIGL § 6-13.1-5.2.

113.    The remedies available under the Rhode Island Deceptive Trade Practices Act are available to "any person" and do not require a vendor-consumer relationship. RIGL § 6-13.1-5.2.

114.    Under the Rhode Island Deceptive Trade Practices Act, any person who purchases or leases goods or services primarily for personal, family, or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act, or practice declared unlawful by § 6-13.1-2, may bring an action under the rules of civil procedure in the superior court of the county in which the seller or lessor resides; is found; has his or her principal place of business or is doing business; or in the superior court of the county as is otherwise provided by law, to recover actual damages or two hundred dollars ($200), whichever is greater. The court may, in its discretion, award punitive damages and may provide other equitable relief that it deems necessary or proper.. RIGL § 6-13.1-5.2(a).

## VIII. STATUTORY STRUCTURE RIGHT TO PRIVACY

115.    Under RIGL § 9-1-28.1, it is the policy of this state that every person in this state shall have a right to privacy which shall be defined to include, *inter alia*, the right to be secure from unreasonable intrusion upon one's physical solitude or seclusion.

## COUNT I – Telephone Consumer Protection Act – 47 U.S.C. § 227(b)(1)(A)(iii)

116.    The acts of the Defendants constitute violations of the Telephone Consumer

15

Protection Act.

117.   Defendants' violations of the TCPA include, but are not limited to, the following:

     i.   Making and/or initiating a telephone call using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service, in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

118.   As a result of Defendants' actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to

an award of statutory damages of $500.00 for each such violation and an injunction

prohibiting future conduct in violation of the TCPA.

119.   Since Defendants' violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for "each such violation" pursuant to 47 U.S.C. § 227(b)(3);
3) Declaratory Relief that Defendant violated the TCPA.
4) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
5) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
6) Such other relief as the Court may deem just and appropriate.

### COUNT II – Telephone Consumer Protection Act – 47 CFR § 64.1200(a)(1)(iii)

120.   The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

121.   Defendants violated regulations of the TCPA including, but not limited to, the

following:

     i.   No person or entity may use an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

47 CFR § 64.1200(a)(1)(iii).

122.    Defendants damaged Plaintiff by calling his cellular phone and using the limited

minutes plan in his cellular telephone plan that Plaintiff purchased.

123.    As a result of Defendants' actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to

an award of statutory damages of $500.00 "for each such violation" and an

injunction prohibiting future conduct in violation of the TCPA.

124.    Since Defendants' violations were committed willfully and knowingly, Plaintiff

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation
   pursuant to 47 U.S.C. § 227(b)(3);
3) Declaratory Relief that Defendant violated the TCPA.
4) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
5) Referral to the Rhode Island Attorney General for prosecution under 47
   U.S.C. § 227(g).
6) Such other relief as the Court may deem just and appropriate.

## COUNT III – Telephone Consumer Protection Act– 47 U.S.C. § 227(c)(5)

125.    The acts of the Defendants constitute violations of the Telephone Consumer

Protection Act.

126.    Defendants' violations of the TCPA include, but are not limited to, the following:

i.    Placing more than one telephone call to Plaintiff's cellular phone without

consent in violation of the TCPA regulations.

127.    As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to

an award of statutory damages of $500.00 for each such violation and an injunction

prohibiting future conduct in violation of the TCPA.

Case Number: WC-2021-0001
Filed in Washington County Superior Court
Submitted: 1/3/2021 5:08 PM
Envelope: 2897478
Reviewer: Brittany M.

Case 1:21-cv-00090-WES-LDA   Document 1-1   Filed 02/24/21   Page 18 of 28 PageID #: 22

128.    Since Defendants' violations were committed willfully and knowingly, Plaintiff

        requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for

        each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation
   pursuant to 47 U.S.C. § 227(c)(5);
3) Declaratory Relief that Defendant violated the TCPA.
4) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
5) Referral to the Rhode Island Attorney General for prosecution under 47
   U.S.C. § 227(g).
6) Such other relief as the Court may deem just and appropriate.

### COUNT IV – Telephone Consumer Protection Act – 47 CFR § 64.1200(a)(1)(iii)

129.    The acts of the Defendants constitute violations of the Telephone Consumer

        Protection Act.

130.    Defendants violated regulations of the TCPA including, but not limited to, the

        following:

i.      No person or entity may use an automatic telephone dialing system or an
        artificial or prerecorded voice to any telephone number assigned to a paging
        service, cellular telephone service, specialized mobile radio service, or other
        radio common carrier service, or any service for which the called party is
        charged for the call.

                                                        47 CFR § 64.1200(a)(1)(iii).

131.    Defendants damaged Plaintiff by calling his cellular phone and using the limited

        minutes plan in his cellular telephone plan that Plaintiff purchased.

132.    As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to

        an award of statutory damages of $500.00 for each such violation and an injunction

        prohibiting future conduct in violation of the TCPA.

133.    Since Defendants' violations were committed willfully and knowingly, Plaintiff

                                             18

Case Number: WC-2021-0901
Filed in Washington County Superior Court
Submitted: 1/3/2021 5:08 PM
Envelope: 2897478
Reviewer: Brittany M.

Case 1:21-cv-00090-WES-LDA   Document 1-1   Filed 02/24/21   Page 19 of 28 PageID #: 23

requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for

each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
3) Declaratory Relief that Defendant violated the TCPA.
4) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
5) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
6) Such other relief as the Court may deem just and appropriate.

## COUNT V – RHODE ISLAND DTPA

134. The Plaintiff reasserts the facts and allegations contained in all of the proceeding

paragraphs and incorporates them into this Count.

135. Defendants violated the restrictions the RI DTPA imposes on them prohibiting

Defendants from using unfair and deceptive practices in violation of Rhode Island

General Law § 6-13.1 *et seq.*

136. Defendants engaged in false representation or deceptive means to obtain money from

a consumer.

137. Defendants engaged in harassment to obtain money from a consumer.

138. By calling Plaintiff's personal cellular telephone repeatedly, Defendants caused

Plaintiff to incur charges to his personal cellular telephone plan, and depleted the

minutes available in his plan.

139. Defendants' actions were unfair to Plaintiff where Plaintiff had to go out of his way

to tell Defendants to stop calling him and to stop the charges from Global to accrue

to Plaintiff's cellular telephone plan.

140. Defendants' actions or transactions are not permitted by the Rhode Island

19

Case Number: WC-2021-0001
Filed in Washington County Superior Court
Submitted: 1/3/2021 5:08 PM
Envelope: 2897478
Reviewer: Brittany M.

1:21-cv-00090-WES-LDA   Document 1-1   Filed 02/24/21   Page 20 of 28 PageID #: 24

department of business regulation.

141.   As a result of such conduct and actions, the Plaintiff has suffered actual damages, in

an amount to be determined by the court, and he may recover therefore pursuant to

Rhode Island General Law § 6-13.1-5.2.

142.   Such conduct and actions of Defendants were willful, egregious, wicked, and, as a

result, the Plaintiff is entitled to punitive damages pursuant to Rhode Island General

Law § 6-13.1-5.2.

143.   The Plaintiff is entitled to an award of attorney's fees pursuant to Rhode Island

General Law § 6-13.1-5.2.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to RIGL § 6-13.1-5.2;
2) Statutory Damages against Defendants in the amount of $200 for each
   violation of the Rhode Island Deceptive Trade Practices Act pursuant to
   RIGL § 6-13.1-5.2;
3) Punitive Damages pursuant to RIGL § 6-13.1-5.2;
4) Costs and attorney fees pursuant to RIGL § 6-13.1-5.2;
5) Declaratory Relief that Defendants violated the Rhode Island Deceptive
   Trade Practices Act;
6) Injunctive Relief to refer the Court's findings to the Rhode Island
   Attorney General for prosecution and forfeiture under RIGL § 6-13.1-5,
   RIGL § 6-13.1-5.2(c), RIGL § 6-13.1-7, and RIGL § 6-13.1-9.
7) Such other relief as the Court may deem just and appropriate.

## COUNT VI – RIGHT TO PRIVACY

144.   The Plaintiff reasserts the facts and allegations contained in all of the proceeding

paragraphs and incorporates them into this Count.

145.   Defendants violated the restrictions the privacy statute imposes on them prohibiting

Defendants from invading Plaintiff's privacy in violation of Rhode Island General

Law § 9-1-28.1 *et seq.*

146.   As a result of such conduct and actions, the Plaintiff has suffered actual damages, in

20

Case Number: WC-2021-0001
Filed in Washington County Superior Court
Submitted: 1/3/2021 5:08 PM
Envelope: 2897478
Reviewer: Brittany M.

Case 1:21-cv-00090-WES-LDA   Document 1-1   Filed 02/24/21   Page 21 of 28 PageID #: 25

an amount to be determined pursuant to Rhode Island General Law § 9-1-28.1.

147.    The Plaintiff is entitled to an award of attorney's fees pursuant to Rhode Island

General Law § 9-1-28.1.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to RIGL § 9-1-28.1;
2) Costs and attorney fees pursuant to RIGL § 9-1-28.1;
3) Declaratory Relief that Defendants invaded Plaintiff's privacy.
4) Injunctive Relief to restrain and enjoin Defendants from violating Plaintiff's privacy.
5) Such other relief as the Court may deem just and appropriate.

### COUNT VII - Federal FDCPA – Abuse and Harassment

148.    The Plaintiff reasserts the facts and allegations contained in all of the proceeding

paragraphs and incorporates them into this Count.

149.    Defendants violated the restrictions the FDCPA imposes on them prohibiting

Defendants from abusing and harassing persons.

150.    The restrictions are codified at 15 USC § 1692(d).

151.    Defendants harassed and abused Plaintiff in connection with the collection of a debt.

152.    Defendants caused Plaintiff's telephone to ring and engaged Plaintiff in telephone

conversation repeatedly or continuously with intent to annoy, abuse, or harass

Plaintiff at the called number.

153.    Defendants' conduct was abusive and harassing to Plaintiff.

154.    The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 15 USC § 1692k(a)(1),
2) Statutory Damages in the amount of $1,000 pursuant to 15 USC § 1692k(a)(2)(A),
3) Costs and attorney fees pursuant to 15 USC § 1692k(a)(3),
4) Declaratory relief that the Defendants violated the FDCPA,

21

5) Referral of this Court's findings to the Federal Trade Commission,
6) Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB) New England Regional Office,
7) Referral of this Court's findings to the Rhode Island Attorney General.
8) Such other relief as the Court may deem just and appropriate.

### COUNT VIII - Federal FDCPA – Communication in connection with debt collection

155. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

156. Defendants violated the restrictions the FDCPA imposes on them prohibiting Defendants from communicating with consumers when Defendants know it is not convenient to the consumer.

157. Defendants violated the restrictions the FDCPA imposes on them prohibiting Defendants from communicating regarding the collection of a debt with any person other than the consumer.

158. The restrictions are codified at 15 USC § 1692(c).

159. Defendants harassed and abused Plaintiff in connection with the collection of a debt.

160. The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 15 USC § 1692k(a)(1),
2) Statutory Damages in the amount of $1,000 pursuant to 15 USC § 1692k(a)(2)(A),
3) Costs and attorney fees pursuant to 15 USC § 1692k(a)(3),
4) Declaratory relief that the Defendants violated the FDCPA,
5) Referral of this Court's findings to the Federal Trade Commission,
6) Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB) New England Regional Office,
7) Referral of this Court's findings to the Rhode Island Attorney General.
8) Such other relief as the Court may deem just and appropriate.

### COUNT IX - Federal FDCPA - False/Misleading Representations

161. The Plaintiff reasserts the facts and allegations contained in all of the proceeding

Case Number: WC-2021-0001
Filed in Washington County Superior Court
Submitted: 1/3/2021 5:08 PM
Envelope: 2897478
Reviewer: Brittany M.

Case 1:21-cv-00090-WES-LDA   Document 1-1   Filed 02/24/21   Page 23 of 28 PageID #: 27

paragraphs and incorporates them into this Count.

162.   Defendants violated the restrictions the FDCPA imposes on them prohibiting them

from making false, deceptive, or misleading representations, including but not

limited to refusing to disclose Defendants were debt collectors.

163.   The restrictions are codified at 15 USC § 1692(e).

164.   The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 15 USC § 1692k(a)(1),
2) Statutory Damages in the amount of $1,000 pursuant to 15 USC § 1692k(a)(2)(A),
3) Costs and attorney fees pursuant to 15 USC § 1692k(a)(3),
4) Declaratory relief that the Defendants violated the FDCPA,
5) Referral of this Court's findings to the Federal Trade Commission,
6) Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB) New England Regional Office.
7) Referral of this Court's findings to the Rhode Island Attorney General.
8) Such other relief as the Court may deem just and appropriate.

### COUNT X - Federal FDCPA - Unfair Practices

165.   The Plaintiff reasserts the facts and allegations contained in all of the proceeding

paragraphs and incorporates them into this Count.

166.   Defendants violated the restrictions the FDCPA imposes on them prohibiting

Defendants from using unfair or unconscionable means while attempting to collect a

debt.

167.   The restrictions are codified at 15 USC § 1692(f).

168.   The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 15 USC § 1692k(a)(1),
2) Statutory Damages in the amount of $1,000 pursuant to 15 USC § 1692k(a)(2)(A),

Case Number: WC-2021-0001
Filed in Washington County Superior Court
Submitted: 1/3/2021 5:08 PM
Envelope: 2897478
Reviewer: Brittany M.

Case 1:21-cv-00090-WES-LDA   Document 1-1   Filed 02/24/21   Page 24 of 28 PageID #: 28

3) Costs and attorney fees pursuant to 15 USC § 1692k(a)(3),
4) Declaratory relief that the Defendants violated the FDCPA,
5) Referral of this Court's findings to the Federal Trade Commission,
6) Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB) New England Regional Office,
7) Referral of this Court's findings to the Rhode Island Attorney General.
8) Such other relief as the Court may deem just and appropriate.

## COUNT XI – Federal FDCPA – Validation

169.    The Plaintiff reasserts the facts and allegations contained in all of the proceeding

paragraphs and incorporates them into this Count.

170.    Defendants violated the restrictions the FDCPA imposes on them prohibiting

Defendants from collecting a debt when Plaintiff disputed the debt and Defendants

failed to mail Plaintiff verification of the debt.

171.    The restrictions are codified at 15 USC § 1692(g).

172.    The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 15 USC § 1692k(a)(1),
2) Statutory Damages in the amount of $1,000 pursuant to 15 USC § 1692k(a)(2)(A),
3) Costs and attorney fees pursuant to 15 USC § 1692k(a)(3),
4) Declaratory relief that the Defendants violated the FDCPA,
5) Referral of this Court's findings to the Federal Trade Commission,
6) Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB) New England Regional Office,
7) Referral of this Court's findings to the Rhode Island Attorney General.
8) Such other relief as the Court may deem just and appropriate.

## COUNT XII - RI FDCPA – Communication in connection with debt collection

173.    The Plaintiff reasserts the facts and allegations contained in all of the proceeding

paragraphs and incorporates them into this Count.

174.    Defendants violated the restrictions the RI FDCPA imposes on them prohibiting

Defendants from communicating to a consumer when Defendants know it is not

Case Number: WC-2021-0001
Filed in Washington County Superior Court
Submitted: 1/3/2021 5:08 PM
Envelope: 2897478
Reviewer: Brittany M.

Case Number: WC-2021-0001-cv-00090-WES-LDA    Document 1-1    Filed 02/24/21    Page 25 of 28 PageID #: 29

convenient to the consumer.

175. Defendants violated the restrictions the RI FDCPA imposes on them prohibiting

Defendants from communicating regarding the collection of a debt with any person

other than the consumer.

176. The restrictions are codified at RIGL § 19-14.9-5.

177. Defendants harassed and abused Plaintiff in connection with the collection of a debt.

178. The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to RIGL § 19-14.9-13 (2)(a),
2) Statutory Damages in the amount of $1,000 pursuant to RIGL § 19-14.9-13 (2)(b),
3) Costs and attorney fees pursuant to RIGL § 19-14.9-13 (2)(d),
4) Declaratory relief that the Defendants violated the RI FDCPA,
5) Referral of this Court's findings to the Federal Trade Commission,
6) Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB) New England Regional Office,
7) Referral of this Court's findings to the Rhode Island Attorney General.
8) Such other relief as the Court may deem just and appropriate.

## COUNT XIII - RI FDCPA – Abuse and Harassment

179. The Plaintiff reasserts the facts and allegations contained in all of the proceeding

paragraphs and incorporates them into this Count.

180. Defendants violated the restrictions the RI FDCPA imposes on them prohibiting

Defendants from abusing and harassing persons.

181. The restrictions are codified at RIGL § 19-14.9-6.

182. Defendants harassed and abused Plaintiff in connection with the collection of a debt.

183. The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to RIGL § 19-14.9-13 (2)(a),

2) Statutory Damages in the amount of $1,000 pursuant to RIGL § 19-14.9-13 (2)(b),
3) Costs and attorney fees pursuant to RIGL § 19-14.9-13 (2)(d),
4) Declaratory relief that the Defendants violated the RI FDCPA,
5) Referral of this Court's findings to the Federal Trade Commission,
6) Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB) New England Regional Office,
7) Referral of this Court's findings to the Rhode Island Attorney General.
8) Such other relief as the Court may deem just and appropriate.

## COUNT XIV - RI FDCPA - False/Misleading Representations

184.   The Plaintiff reasserts the facts and allegations contained in all of the proceeding

paragraphs and incorporates them into this Count.

185.   Defendants violated the restrictions the RI FDCPA imposes on them prohibiting

them from making false, deceptive, or misleading representations, including but not

limited to acting as a debt collector without a proper registration.

186.   The restrictions are codified at RIGL § 19-14.9-7.

187.   The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to RIGL § 19-14.9-13 (2)(a),
2) Statutory Damages in the amount of $1,000 pursuant to RIGL § 19-14.9-13 (2)(b),
3) Costs and attorney fees pursuant to RIGL § 19-14.9-13 (2)(d),
4) Declaratory relief that the Defendants violated the RI FDCPA,
5) Referral of this Court's findings to the Federal Trade Commission,
6) Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB) New England Regional Office,
7) Referral of this Court's findings to the Rhode Island Attorney General
8) Such other relief as the Court may deem just and appropriate.

## COUNT XV - RI FDCPA - Unfair Practices

188.   The Plaintiff reasserts the facts and allegations contained in all of the proceeding

paragraphs and incorporates them into this Count.

189.   Defendants violated the restrictions the RI FDCPA imposes on them prohibiting

Case Number: WC-2021-0001
Filed in Washington County Superior Court
Submitted: 1/3/2021 5:08 PM
Envelope: 2897478
Reviewer: Brittany M.

Case 1:21-cv-00090-WES-LDA   Document 1-1   Filed 02/24/21   Page 27 of 28 PageID #: 31

Defendants from using unfair or unconscionable means while attempting to collect a

debt.

190. The restrictions are codified at RIGL § 19-14.9-8.

191. The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to RIGL § 19-14.9-13 (2)(a),
2) Statutory Damages in the amount of $1,000 pursuant to RIGL § 19-14.9-13 (2)(b),
3) Costs and attorney fees pursuant to RIGL § 19-14.9-13 (2)(d),
4) Declaratory relief that the Defendants violated the RI FDCPA,
5) Referral of this Court's findings to the Federal Trade Commission,
6) Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB) New England Regional Office,
7) Referral of this Court's findings to the Rhode Island Attorney General.
8) Such other relief as the Court may deem just and appropriate.

### COUNT XVI - RI FDCPA - Validation

192. The Plaintiff reasserts the facts and allegations contained in all of the proceeding

paragraphs and incorporates them into this Count.

193. Defendants violated the restrictions the RI FDCPA imposes on them prohibiting

Defendants from collecting a debt when Plaintiff disputed the debt and Defendants

failed to mail Plaintiff verification of the debt.

194. Defendants violated the restrictions the RI FDCPA imposes on them mandating that

Defendants provide Plaintiff a written notice within five days after initial

communication with a consumer.

195. The restrictions are codified at RIGL § 19-14.9-9.

196. The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to RIGL § 19-14.9-13 (2)(a),

27

Case 1:21-cv-00090-WES-LDA   Document 1-1   Filed 02/24/21   Page 28 of 28 PageID #: 32

2) Statutory Damages in the amount of $1,000 pursuant to RIGL § 19-14.9-13 (2)(b),
3) Costs and attorney fees pursuant to RIGL § 19-14.9-13 (2)(d),
4) Declaratory relief that the Defendants violated the RI FDCPA,
5) Referral of this Court's findings to the Federal Trade Commission,
6) Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB) New England Regional Office,
7) Referral of this Court's findings to the Rhode Island Attorney General.
8) Such other relief as the Court may deem just and appropriate.

## JURY DEMAND

Plaintiff requests a trial by jury on all Counts.

The Plaintiff,

*/s/ Christopher Laccinole*
Christopher M. Laccinole
23 Othmar St.
Narragansett, RI 02882
chrislaccinole@gmail.com