**RECEIVED**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

APR **3 0** 2021

**U.S. DISTRICT COURT
DISTRICT OF R.I.**

**CHRISTOPHER LACCINOLE**
*Plaintiff*

**Vs.**                                          CA. NO.: 1:21-cv-00090-WES-LDA

**Global Payments Check Services, LLC,**
**&**
**DOES 1-10, inclusive**                         **JURY TRIAL REQUESTED**
*Defendants*

<u>**FIRST AMENDED COMPLAINT**</u>

Plaintiff submits this First Amended Complaint pursuant to Fed.R.Civ.P. 15(a)(1)(B).

## I.  INTRODUCTION

This is a civil action seeking remedy for violations under multiple federal and state consumer protection statutes. Plaintiff, a consumer, was harassed by debt collectors with 25 robocalls for a debt he never owed.  Plaintiff is an identity theft victim and is regularly harassed by companies like Global Payments Check Services, LLC ("Global") who seek to profit from the misery of consumers who are trapped in the web of identity theft.  Plaintiff sent Global a certified letter telling Global not to call Plaintiff because Global had the wrong number.  Plaintiff also asked Global to validate any debt alleged to be owed and Global refused to validate any debt.  Plaintiff doesn't owe Global any money and he doesn't have any account or any business relationship with Global whatsoever.

1.    The Plaintiff brings this action alleging that the Defendant Global and Does 1-10 engaged in harassing, abusive, and prohibited conduct while attempting to collect an alleged debt in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* (hereinafter "FDCPA"), the Telephone Consumer Protection Act, 47 U.S.C. §

1

227 (hereinafter "TCPA"), and the Rhode Island Fair Debt Collection Practices Act, RIGL § 19-14.9, *et seq.* (hereinafter "RI FDCPA"). The Plaintiff seeks statutory damages, actual damages, injunctive relief, costs, and attorney's fees for each Defendant under the FDCPA, TCPA, RIFDCPA, and RIGL § 9-30-2.

2.  The Plaintiff also alleges that Defendants' conduct while attempting to collect the alleged debt constituted a deceptive practice in violation of the Rhode Island Deceptive Trade Practices Act, RIGL § 6-13.1 *et seq.* (hereinafter "DTPA"). The Plaintiff seeks statutory damages, actual damages, costs, attorney's fees, injunctive relief, and punitive damages for each Defendant under the DTPA.

3.  The Plaintiff also alleges that Defendants' conduct violated Plaintiff's right to privacy under RIGL § 9-1-28.1 *et seq.* The Plaintiff seeks actual damages, costs, attorney's fees, and injunctive relief from each Defendant under the statute.

4.  Any violations by Defendants were knowing, willful, intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such violation.

## II. JURISDICTION AND VENUE

5.  This Court has jurisdiction to hear FDCPA claims pursuant to 15 U.S.C. § 1692(k)(d).

6.  This Court has jurisdiction to hear TCPA claims in this matter pursuant to 47 U.S.C. § 227(b)(3) and 47 U.S.C. § 227(c)(5).

7.  This Court has jurisdiction to hear RI FDCPA claims pursuant to RIGL § 19-14.9-13(5).

8.  This Court has jurisdiction to hear RI DTPA claims pursuant to RIGL § 6-13.1-5.2.

## III. PARTIES

9.    The Plaintiff is an adult resident, of the Town of Narragansett, County of Washington, State of Rhode Island.

10.   Plaintiff has never had a business relationship with Global.

11.   Plaintiff is a consumer as that term is defined by 15 USC § 1692a(3).

12.   Plaintiff is a consumer as that term is defined by RIGL § 19-14.9-3(1).

13.   Plaintiff is a person as that term is defined or referenced by 15 USC § 1692d.

14.   Plaintiff is a person as that term is defined or referenced by RIGL § 19-14.9-6.

15.   Plaintiff is a person as that term is defined or referenced by RIGL § 6-13.1-5.2, RIGL § 9-1-28.1.

16.   As a consumer, Plaintiff purchased a cellular telephone for personal and household use.

17.   In purchasing his cellular telephone and cellular telephone service, Plaintiff—as a natural person—became obligated or allegedly obligated to pay a debt to the cellular telephone service provider.

18.   Plaintiff's cellular telephone has a limited minutes plan, so that when Global calls Plaintiff, it depletes the minutes on Plaintiff's plan.

19.   Upon information and belief, Defendant Global is a national collection agency formed in the State of Illinois.

20.   The principal purpose of Global is the collection of debts using the mails and telephone and other means.

21.   Global regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another that arose out of transactions in which the

3

money, property, or services which are the subject of the transactions are primarily for personal, family or household purposes.

22.   Global is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

23.   Global is a "debt collector" as that term is defined by RIGL § 19-14.9-3 (5).

24.   Global operates as a debt collector in the State of Rhode Island, and is registered through the Rhode Island Department of Business Regulations to collect debt in the State of Rhode Island.

25.   A copy of the debt collector application that Global submitted to the Rhode Island Department of Business Regulations is attached to this Complaint as Exhibit A.

26.   Upon information and belief, Global may be served upon its registered agent in the State of Rhode Island, to wit: CT Corporation, 10 Weybosset Street, Providence, RI 02903.

27.   Other defendants may be discovered in the course of litigation, and Plaintiff respectfully prays that the Court will permit the addition of later discovered parties upon motion.

## IV.  FACTUAL ALLEGATIONS

28.   At all times relevant to this Complaint, Defendants were engaged in the business of regularly collecting Debts, originally owed to third parties.

29.   At all times relevant to this Complaint, Defendants acted as "Debt Collectors" as defined by the FDCPA at 15 U.S.C. § 1692(a)(6), and the RI FDCPA at RIGL § 19-14.9-3.

30.   Plaintiff does not owe any Defendant any money.

31.   Global acted at all times mentioned herein through its employee(s) and agent(s).

4

32. In 2019, Plaintiff purchased a cellular telephone and prepaid phone service plan for personal use.

33. In purchasing his cellular telephone and cellular telephone service, Plaintiff—as a natural person—became a participant in local trade or commerce.

34. The cellular telephone service that Plaintiff purchases is available to any Rhode Islander.  This trade or commerce directly or indirectly affects the people of this state.

35. As part of the plan that Plaintiff purchased, there are a limited number of minutes available on the plan.

36. On October 9, 2020 at approximately 3:02 PM EST, Plaintiff received a call on his cellular telephone from 877 215 8120.

37. When Plaintiff answered the call, there was dead air for four seconds before Plaintiff heard a click and then an operator started talking.

38. The operator asked to speak to "Matthew."

39. The operator identified herself as "Global Payment Check Services about Rhode Island Sports Book"

40. Plaintiff did not know who the caller referenced.

41. Plaintiff subsequently discovered that Global is a debt collector.

42. Global continued to call Plaintiff.

43. On October 21, 2020, Plaintiff sent a certified letter (return receipt requested) to Global Payments Check Services, LLC at 6215 West Howard Street, Niles, IL 60714.

44. In Plaintiff's letter, Plaintiff provided his name, telephone number, and full mailing

address.

45. In Plaintiff's letter, he stated, "*All calls are inconvenient. Please don't call me. You have the wrong number.*"

46. Global received and signed for Plaintiff's letter on October 26, 2020.

47. Upon information and belief, Global uses the phone number 877 215 8120 to contact consumers such as Plaintiff.

48. Plaintiff does not have an account with Global.

49. Plaintiff does not have an account with "Rhode Island Sports Book." Plaintiff doesn't have any service with an entity that sounds like "Rhode Island Sports Book."

50. Plaintiff has no pre-existing business relationship with Global and never requested by an agreement or otherwise that he be contacted.

51. In the letter that Plaintiff sent to Global, Plaintiff disputed any debt, and Plaintiff asked Global to validate any debt.

52. Global never validated any debt to Plaintiff.

53. On November 2, 2020, Plaintiff received correspondence in his mail from Global.

54. Global's correspondence to Plaintiff was dated October 26, 2020.

55. In Global's correspondence to Plaintiff, Global did not identify it was a debt collector.

56. In Global's correspondence to Plaintiff, Global did not identify that any information obtained will be used for that purpose.

57. In Global's correspondence to Plaintiff, Global demanded to know Plaintiff's account number, Plaintiff's Date of Birth, Plaintiff's Social Security Number, Plaintiff's Driver's License, Plaintiff's address verification, Plaintiff's address history,

6

and Plaintiff's Name Change History.

58.   In Global's correspondence to Plaintiff, Global intended to intimidate Plaintiff by placing the following message at the bottom of its letter:

**DO NOT DISCARD THIS LETTER. KEEP THIS FOR FUTURE REFERENCE.**

59.   Those words were so important to Global that they were printed in a bolded, all caps font and they were the only text to be so stylized in the correspondence to Plaintiff.

60.   Plaintiff never provided his consent to Global to be contacted on his cellular telephone.

61.   Plaintiff's phone number is part of the national Do Not Call registry.

62.   Upon information and belief, Defendants employ an automatic telephone dialing system because there was no human on the other end of the call for over seven seconds during several of these calls. The further evidence of this system is that during some of the calls, Plaintiff heard an audible click followed by a pause and then an operator joined the call.

63.   The further evidence of this automatic telephone dialing system is that there was no human on the other end of Defendants' calls.

64.   The further evidence of this automatic telephone dialing system is that during several of the calls when Global called Plaintiff, Plaintiff would answer the call and Global would hang up on Plaintiff.

65.   On several days, Global would call Plaintiff three (3) or four (4) times per day.

66.   To call Plaintiff's cellular telephone, Defendants utilized a calling platform ("Platform") that allowed the transmission of thousands of calls without human involvement.

67.  This is evident because on many occasions, Plaintiff received and answered phone calls from Defendants, only to be placed on hold and wait while no human was on the other end of the call.

68.  Specifically, upon information and belief, Defendants utilized a combination of hardware and software systems to call Plaintiff.  The systems utilized by Defendants have the capacity to store telephone numbers using a random or sequential generator, and to dial such numbers from a list without human intervention.

69.  The Platform has the capacity to store telephone numbers, which capacity was in fact utilized by Defendants.

70.  The Platform has the capacity to generate sequential numbers, which capacity was in fact utilized by Defendants to determine the order in which to pick phone numbers from a preproduced list.

71.  The Platform has the capacity to dial numbers in sequential order, which capacity was in fact utilized by Defendants.

72.  The Platform has the capacity to dial numbers from a list of numbers, which capacity was in fact utilized by Defendants.

73.  The Platform has the capacity to dial numbers without human intervention, which capacity was in fact utilized by Defendants.

74.  The Platform has the capacity to schedule the time and date for future transmission of phone calls, which occurs without any human involvement.

75.  To call telephone numbers, Defendants' Platform automatically executed the following steps:

   a.  The Platform retrieved each telephone number from a list of numbers in the

8

sequential order the numbers were listed;

b.  The Platform then generated each number in the sequential order listed and dialed each number;

c.  Each call was then placed in the sequential order listed to mobile carriers (e.g. AT&T), and consumers.

d.  Upon the answer of Plaintiff, the Platform transferred the call—automatically and with no human intervention—to a queue in which Defendants could supply a live operator, again in the sequential order listed by Defendant.  If no live operator (human) was available, the Platform—automatically and with no human intervention—terminated the call.

76.  The above execution of these instructions occurred seamlessly, with no human intervention, and almost instantaneously.  Indeed, the Platform is capable of transmitting thousands of calls following the above steps in minutes, if not less.

77.  None of the calls placed by Defendants to Plaintiff identified the true purpose of the call, meaning that Plaintiff was unable to determine that the call was about debt collection before answering the phone (and incurring usage charges).

78.  At the time that Global started calling Plaintiff, Plaintiff had already had the phone number in question for over eight (8) months.

79.  Upon information and belief, Global obtained Plaintiff's cellular telephone through a skip tracer search of an outdated database.

80.  Per Exhibit A, Global has an affiliate called "Global Payments Gaming Services, Inc."  (see Exhibit A, Page 8).

81.  Global Payments Gaming Services, Inc. provides, *inter alia*, electronic check services

for consumers who gamble.

82. As described in Exhibit B, Global Payments Gaming Services, Inc. offers e-check services through "VIP Preferred."

83. Upon information and belief, Global Payments Gaming Services, Inc. refers accounts to Global Payments Check Services, LLC for collection of defaulted debt.

84. Upon information and belief, Rhode Island Sports Book uses the e-check services from VIP Preferred.

85. When the underlying Rhode Island Sports Book account was placed for collection, Global Payments Check Services, LLC conducted a skip tracer search which listed the telephone number assigned to Plaintiff.

86. Global's calls directly interfered with Plaintiff's right to peacefully enjoy a service that Plaintiff paid for and caused Plaintiff a significant amount of anxiety, frustration, and annoyance.

87. It is unfair for Global to call Plaintiff and deplete the minutes in Plaintiff's cell phone plan when Global did not have consent to call Plaintiff.

88. During all of Global's communications with Plaintiff, Global never disclosed that the debt was in dispute.

89. The telephone calls to Plaintiff's cellular telephone number were not initiated for an emergency purpose.

90. The robocalls were annoying, abusive, and harassing to Plaintiff.

91. The robocalls to Plaintiff invaded the privacy interests that the TCPA was intended to protect.

92. Defendants do not maintain a written policy for maintaining a do-not-call list.

93. Defendants have not informed and trained personnel engaged in making calls on the use of the do-not-call list.

94. Plaintiff incurred damages as a result of Defendants' unlawful conduct.

95. Defendants' phone calls harmed Plaintiff by causing the very harm that Congress sought to prevent—a "nuisance and invasion of privacy."

96. Defendants' phone calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone.

97. Defendants' phone calls harmed Plaintiff by trespassing upon and interfering with Plaintiff's rights and interests in Plaintiff's cellular telephone line.

98. Defendants' phone calls harmed Plaintiff by intruding upon Plaintiff's seclusion.

99. Defendants harassed Plaintiff by incessantly calling Plaintiff's telephone.

100. Defendants' phone calls harmed Plaintiff by causing Plaintiff aggravation and annoyance.

101. Defendants' phone calls harmed Plaintiff by wasting Plaintiff's time.

102. Defendants' phone calls harmed Plaintiff by depleting the battery life on Plaintiff's cellular telephone.

103. Defendants' phone calls harmed Plaintiff by using minutes allocated to Plaintiff by Plaintiff's cellular telephone service provider.

104. Defendants' phone calls harmed Plaintiff by using data storage space in Plaintiff's cellular telephone.

## V. STATUTORY STRUCTURE RHODE ISLAND FDCPA

105. The Rhode Island Fair Debt Collection Practices Act ("RI FDCPA") was passed by the Rhode Island General Assembly to establish standards, by defining unfair or

deceptive acts or practices, for the collection of debts from Rhode Island consumers, and to establish requirements for the registering and supervision of debt collection. RIGL § 19-14.9-2.

106.   Under the RI FDCPA, without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt at any unusual time or place or a time or place known or which should be known to be inconvenient to the consumer.  RIGL § 19-14.9-5(1).

107.   Under the RI FDCPA, a debt collector may not communicate, in connection with the collection of any debt, with any person other than the consumer.  RIGL § 19-14.9-5(2).

108.   Under the RI FDCPA, if a consumer notifies a debt collector in writing that the consumer wishes the debt collector to cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt.  RIGL § 19-14.9-5(2).

109.   Under the RI FDCPA, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.  RIGL § 19-14.9-6.

110.   Under the RI FDCPA, a debt collector may not cause a telephone to ring or engage any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number.  RIGL § 19-14.9-6(d).

111.   Under the RI FDCPA, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

12

RIGL § 19-14.9-7.

112.   Under the RI FDCPA, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.  RIGL § 19-14.9-8.

113.   Under the RI FDCPA, within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

(a) the amount of the debt;

(b) the name of the creditor to whom the debt is owed;

(c) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(d) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(e) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

RIGL § 19-14.9-9 (1).

114.   Under the RI FDCPA, if the consumer notifies the debt collector in writing within the thirty-day period described in subsection (1)(d) that the debt, or any portion

thereof, is disputed, or that the consumer requests the name and address of the
original creditor, the debt collector shall cease collection of the debt, or any disputed
portion thereof, until the debt collector obtains verification of the debt or a copy of a
judgment, or the name and address of the original creditor, and a copy of such
verification or judgment, or name and address of the original creditor, is mailed to
the consumer by the debt collector.

RIGL § 19-14.9-9 (2).

115.   Under the RI FDCPA, any debt collector who fails to comply with the provisions of
the RI FDCPA is liable for any actual damages sustained; statutory damages up to
$1,000; attorney fees as determined by the Court and costs of this action. RIGL § 19-
14.9-13.

## VI.  STATUTORY STRUCTURE FDCPA

116.   The Fair Debt Collection Practices Act ("FDCPA") was passed by Congress to
eliminate abusive debt collection practices by debt collectors.  15 U.S.C.§ 1692.

117.   Under the FDCPA, a debt collector may not communicate with a consumer in
connection with the collection of any debt at any unusual time or place or a time or
place known or which should be known to be inconvenient to the consumer.  15
U.S.C. § 1692c(a)(1).

118.   Under the FDCPA, a debt collector may not communicate, in connection with the
collection of any debt, with any person other than the consumer.  15 U.S.C. §
1692c(b).

119.   Under the FDCPA, if a consumer notifies a debt collector in writing that the
consumer refuses to pay a debt or that the consumer wishes the debt collector to

cease further communication with the consumer, the debt collector shall not communicate further with the consumer with respect to such debt. 15 U.S.C. § 1692c(c).

120. Under the FDCPA, a debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. 15 U.S.C. § 1692d.

121. Under the FDCPA, a debt collector may not cause a telephone to ring or engage any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number. 15 U.S.C. § 1692d(5).

122. Under the FDCPA, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. 15 U.S.C. § 1692e.

123. Under the FDCPA, a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. 15 U.S.C. § 1692f.

124. Under the FDCPA, within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing—

    (1) the amount of the debt;
    (2) the name of the creditor to whom the debt is owed;
    (3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;
    (4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

125. Under the FDCPA, if the consumer notifies the debt collector in writing within the thirty-day period described in subsection (a) that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original creditor, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt collector obtains verification of the debt or a copy of a judgment, or the name and address of the original creditor, and a copy of such verification or judgment, or name and address of the original creditor, is mailed to the consumer by the debt collector. Collection activities and communications that do not otherwise violate this subchapter may continue during the 30-day period referred to in subsection (a) unless the consumer has notified the debt collector in writing that the debt, or any portion of the debt, is disputed or that the consumer requests the name and address of the original creditor. Any collection activities and communication during the 30-day period may not overshadow or be inconsistent with the disclosure of the consumer's right to dispute the debt or request the name and address of the original creditor.

15 U.S.C. § 1692g(b).

126. Under the FDCPA, any debt collector who fails to comply with the provisions of the FDCPA is liable for any actual damages sustained; statutory damages up to $1,000; attorneys' fees and costs of this action. 15 U.S.C. § 1692k.

## VII.  STATUTORY STRUCTURE RHODE ISLAND DECEPTIVE TRADE PRACTICES ACT

127.   The Rhode Island Deceptive Trade Practices Act was passed to declare as unlawful the "unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce."  RIGL § 6-13.1-2.

128.   Under the Rhode Island Deceptive Trade Practices Act, a "person" means natural persons, corporations, and any other legal entity.  RIGL § 6-13.1-1 (3).

129.   Under the Rhode Island Deceptive Trade Practices Act, "trade" and "commerce" mean the sale or distribution of any services and any property, tangible or intangible, real, personal, or mixed, and any other article, commodity, or thing of value wherever situate, and include any trade or commerce directly or indirectly affecting the people of Rhode Island.  RIGL § 6-13.1-1 (5).

130.   Under the Rhode Island Deceptive Trade Practices Act, unfair methods of competition and unfair or deceptive acts or practices include (but are not limited to) any one or more of the following:

   a.   Engaging in any other conduct that similarly creates a likelihood of confusion or of misunderstanding [RIGL § 6-13.1-1 (6) (xii)].
   b.   Engaging in any act or practice that is unfair or deceptive to the consumer [RIGL § 6-13.1-1 (6) (xiii)].
   c.   Using any other methods, acts or practices which mislead or deceive members of the public in a material respect [RIGL § 6-13.1-1 (6) (xiv)].

131.   The Rhode Island Deceptive Trade Practices Act does not define consumer.  RIGL § 6-13.1-1.

132.   The remedies available under the Rhode Island Deceptive Trade Practices Act are available to "any person" and are not limited to consumers.  RIGL § 6-13.1-5.2.

133.   The remedies available under the Rhode Island Deceptive Trade Practices Act are

available to "any person" and do not require a vendor-consumer relationship.  RIGL § 6-13.1-5.2.

134.    Under the Rhode Island Deceptive Trade Practices Act, any person who purchases or leases goods or services primarily for personal, family, or household purposes and thereby suffers any ascertainable loss of money or property, real or personal, as a result of the use or employment by another person of a method, act, or practice declared unlawful by § 6-13.1-2, may bring an action under the rules of civil procedure in the superior court of the county in which the seller or lessor resides; is found; has his or her principal place of business or is doing business; or in the superior court of the county as is otherwise provided by law, to recover actual damages or two hundred dollars ($200), whichever is greater. The court may, in its discretion, award punitive damages and may provide other equitable relief that it deems necessary or proper.. RIGL § 6-13.1-5.2(a).

### VIII.  STATUTORY STRUCTURE RIGHT TO PRIVACY

135.    Under RIGL § 9-1-28.1, it is the policy of this state that every person in this state shall have a right to privacy which shall be defined to include, *inter alia*, the right to be secure from unreasonable intrusion upon one's physical solitude or seclusion.

### COUNT I – Telephone Consumer Protection Act – 47 U.S.C. § 227(b)(1)(A)(iii)

136.    The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

137.    Defendants' violations of the TCPA include, but are not limited to, the following:

    i.    Making and/or initiating a telephone call using an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service, in violation of 47 U.S.C. § 227(b)(1)(A)(iii).

138.   As a result of Defendants' actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to an award of statutory damages of $500.00 for each such violation and an injunction prohibiting future conduct in violation of the TCPA.

139.   Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for "each such violation" pursuant to 47 U.S.C. § 227(b)(3);
3) Declaratory Relief that Defendant violated the TCPA.
4) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
5) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
6) Such other relief as the Court may deem just and appropriate.

### COUNT II – Telephone Consumer Protection Act – 47 CFR § 64.1200(a)(1)(iii)

140.   The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

141.   Defendants violated regulations of the TCPA including, but not limited to, the following:

i.   No person or entity may use an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

47 CFR § 64.1200(a)(1)(iii).

142.   Defendants damaged Plaintiff by calling his cellular phone and using the limited minutes plan in his cellular telephone plan that Plaintiff purchased.

143.   As a result of Defendants' actions, under 47 U.S.C. § 227(b)(3), Plaintiff is entitled to

an award of statutory damages of $500.00 "for each such violation" and an injunction prohibiting future conduct in violation of the TCPA.

144. Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(b)(3) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(b)(3);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(b)(3);
3) Declaratory Relief that Defendant violated the TCPA.
4) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
5) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
6) Such other relief as the Court may deem just and appropriate.

**COUNT III – Telephone Consumer Protection Act– 47 U.S.C. § 227(c)(5)**

145. The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

146. Defendants' violations of the TCPA include, but are not limited to, the following:

 i.   Placing more than one telephone call to Plaintiff's cellular phone without consent in violation of the TCPA regulations.

147. As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of statutory damages of $500.00 for each such violation and an injunction prohibiting future conduct in violation of the TCPA.

148. Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);
2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);
3) Declaratory Relief that Defendant violated the TCPA.
4) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.
5) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).
6) Such other relief as the Court may deem just and appropriate.

### COUNT IV – Telephone Consumer Protection Act – 47 CFR § 64.1200(a)(1)(iii)

149. The acts of the Defendants constitute violations of the Telephone Consumer Protection Act.

150. Defendants violated regulations of the TCPA including, but not limited to, the following:

   i. No person or entity may use an automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call.

   47 CFR § 64.1200(a)(1)(iii).

151. Defendants damaged Plaintiff by calling his cellular phone and using the limited minutes plan in his cellular telephone plan that Plaintiff purchased.

152. As a result of Defendants' actions, under 47 U.S.C. § 227(c)(5), Plaintiff is entitled to an award of statutory damages of $500.00 for each such violation and an injunction prohibiting future conduct in violation of the TCPA.

153. Since Defendants' violations were committed willfully and knowingly, Plaintiff requests an award of statutory damages of $1,500.00 under 47 U.S.C. § 227(c)(5) for each such violation.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 47 U.S.C. § 227(c)(5);

2) Statutory Damages in the amount of $1,500 for each such violation pursuant to 47 U.S.C. § 227(c)(5);

3) Declaratory Relief that Defendant violated the TCPA.

4) Injunctive Relief to restrain and enjoin Defendant from calling Plaintiff.

5) Referral to the Rhode Island Attorney General for prosecution under 47 U.S.C. § 227(g).

6) Such other relief as the Court may deem just and appropriate.

## COUNT V – RHODE ISLAND DTPA

154. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

155. Defendants violated the restrictions the RI DTPA imposes on them prohibiting Defendants from using unfair and deceptive practices in violation of Rhode Island General Law § 6-13.1 *et seq.*

156. Defendants engaged in false representation or deceptive means to obtain money from a person.

157. Defendants engaged in harassment to obtain money from a person.

158. By calling Plaintiff's personal cellular telephone repeatedly, Defendants caused Plaintiff to incur charges to his personal cellular telephone plan, and depleted the minutes available in his plan.

159. Defendants' actions were unfair to Plaintiff where Plaintiff had to go out of his way to tell Defendants to stop calling him and to stop the charges from Global to accrue to Plaintiff's cellular telephone plan.

160. Defendants' actions or transactions are not permitted by the Rhode Island department of business regulation.

161. As a result of such conduct and actions, the Plaintiff has suffered actual damages, in an amount to be determined by the court, and he may recover therefore pursuant to

Rhode Island General Law § 6-13.1-5.2.

162. Such conduct and actions of Defendants were willful, egregious, wicked, and, as a result, the Plaintiff is entitled to punitive damages pursuant to Rhode Island General Law § 6-13.1-5.2.

163. The Plaintiff is entitled to an award of attorney's fees pursuant to Rhode Island General Law § 6-13.1-5.2.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to RIGL § 6-13.1-5.2;
2) Statutory Damages against Defendants in the amount of $200 for each violation of the Rhode Island Deceptive Trade Practices Act pursuant to RIGL § 6-13.1-5.2;
3) Punitive Damages pursuant to RIGL § 6-13.1-5.2;
4) Costs and attorney fees pursuant to RIGL § 6-13.1-5.2;
5) Declaratory Relief that Defendants violated the Rhode Island Deceptive Trade Practices Act;
6) Injunctive Relief to refer the Court's findings to the Rhode Island Attorney General for prosecution and forfeiture under RIGL § 6-13.1-5, RIGL § 6-13.1-5.2(c), RIGL § 6-13.1-7, and RIGL § 6-13.1-9.
7) Such other relief as the Court may deem just and appropriate.

## COUNT VI – RIGHT TO PRIVACY

164. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

165. Defendants violated the restrictions the privacy statute imposes on them prohibiting Defendants from invading Plaintiff's privacy in violation of Rhode Island General Law § 9-1-28.1 *et seq.*

166. As a result of such conduct and actions, the Plaintiff has suffered actual damages, in an amount to be determined pursuant to Rhode Island General Law § 9-1-28.1.

167. The Plaintiff is entitled to an award of attorney's fees pursuant to Rhode Island General Law § 9-1-28.1.

23

**Wherefore**, the Plaintiff requests judgment against each Defendant for

    1) Actual Damages pursuant to RIGL § 9-1-28.1;
    2) Costs and attorney fees pursuant to RIGL § 9-1-28.1;
    3) Declaratory Relief that Defendants invaded Plaintiff's privacy.
    4) Injunctive Relief to restrain and enjoin Defendants from violating Plaintiff's privacy.
    5) Such other relief as the Court may deem just and appropriate.

## COUNT VII - Federal FDCPA – Abuse and Harassment

168.   The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

169.   Defendants violated the restrictions the FDCPA imposes on them prohibiting Defendants from abusing and harassing persons.

170.   The restrictions are codified at 15 USC § 1692(d).

171.   Defendants harassed and abused Plaintiff in connection with the collection of a debt.

172.   Defendants caused Plaintiff's telephone to ring and engaged Plaintiff in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff at the called number.

173.   Defendants repeatedly placed telephone calls to Plaintiff without meaningful disclosure of the caller's identity.

174.   Defendants' conduct was abusive and harassing to Plaintiff.

175.   The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

    1) Actual Damages pursuant to 15 USC § 1692k(a)(1),
    2) Statutory Damages in the amount of $1,000 pursuant to 15 USC § 1692k(a)(2)(A),
    3) Costs and attorney fees pursuant to 15 USC § 1692k(a)(3),
    4) Declaratory relief that the Defendants violated the FDCPA,
    5) Referral of this Court's findings to the Federal Trade Commission,
    6) Referral of this Court's findings to the Consumer Financial Protection

Bureau (CFPB) New England Regional Office,
7) Referral of this Court's findings to the Rhode Island Attorney General.
8) Such other relief as the Court may deem just and appropriate.

## COUNT VIII - Federal FDCPA – Communication in connection with debt collection

176. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

177. Defendants violated the restrictions the FDCPA imposes on them prohibiting Defendants from communicating with consumers when Defendants know it is not convenient to the consumer.

178. Defendants violated the restrictions the FDCPA imposes on them prohibiting Defendants from communicating regarding the collection of a debt with any person other than the consumer.

179. The restrictions are codified at 15 USC § 1692(c).

180. Defendants harassed and abused Plaintiff in connection with the collection of a debt.

181. The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 15 USC § 1692k(a)(1),
2) Statutory Damages in the amount of $1,000 pursuant to 15 USC § 1692k(a)(2)(A),
3) Costs and attorney fees pursuant to 15 USC § 1692k(a)(3),
4) Declaratory relief that the Defendants violated the FDCPA,
5) Referral of this Court's findings to the Federal Trade Commission,
6) Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB) New England Regional Office,
7) Referral of this Court's findings to the Rhode Island Attorney General.
8) Such other relief as the Court may deem just and appropriate.

## COUNT IX - Federal FDCPA - False/Misleading Representations

182. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

25

183.   Defendants violated the restrictions the FDCPA imposes on them prohibiting them from making false, deceptive, or misleading representations, including but not limited to refusing to disclose Defendants were debt collectors.

184.   Defendant failed to disclose in the initial oral communication with Plaintiff that Defendant is attempting to collect a debt and that any information obtained will be used for that purpose.

185.   Defendant failed to disclose in the subsequent oral communication with Plaintiff that Defendant is attempting to collect a debt and that any information obtained will be used for that purpose.

186.   During the communications with Plaintiff, Defendants used a name other than the true name of the debt collector's business.

187.   The restrictions are codified at 15 USC § 1692(e).

188.   The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

   1) Actual Damages pursuant to 15 USC § 1692k(a)(1),
   2) Statutory Damages in the amount of $1,000 pursuant to 15 USC § 1692k(a)(2)(A),
   3) Costs and attorney fees pursuant to 15 USC § 1692k(a)(3),
   4) Declaratory relief that the Defendants violated the FDCPA,
   5) Referral of this Court's findings to the Federal Trade Commission,
   6) Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB) New England Regional Office.
   7) Referral of this Court's findings to the Rhode Island Attorney General.
   8) Such other relief as the Court may deem just and appropriate.

### COUNT X - Federal FDCPA - Unfair Practices

189.   The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

190.   Defendants violated the restrictions the FDCPA imposes on them prohibiting

Defendants from using unfair or unconscionable means while attempting to collect a
debt.

191. Defendants used unfair or unconscionable means to attempt to collect debt when
Defendant is not permitted by law to collect such debt.

192. Defendants used unfair or unconscionable means to attempt to collect debt by
causing charges to be made to Plaintiff for communications by concealment of the
true purpose of the communication. Such charges include, but are not limited to,
repeated calls to Plaintiff's cellular telephone from telephone numbers that did not
identify the caller as Global or a debt collector.

193. Where the Global's caller ID does not clearly reveal the "true purpose," calls to
Plaintiff's cell phone that generates usage charges violate the FDCPA.

194. Plaintiff was not able to determine that Defendant's calls were about debt collection
before incurring the fees.

195. The restrictions are codified at 15 USC § 1692(f).

196. The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to 15 USC § 1692k(a)(1),
2) Statutory Damages in the amount of $1,000 pursuant to 15 USC §
1692k(a)(2)(A),
3) Costs and attorney fees pursuant to 15 USC § 1692k(a)(3),
4) Declaratory relief that the Defendants violated the FDCPA,
5) Referral of this Court's findings to the Federal Trade Commission,
6) Referral of this Court's findings to the Consumer Financial Protection
Bureau (CFPB) New England Regional Office,
7) Referral of this Court's findings to the Rhode Island Attorney General.
8) Such other relief as the Court may deem just and appropriate.

### COUNT XI – Federal FDCPA – Validation

197. The Plaintiff reasserts the facts and allegations contained in all of the proceeding

27

paragraphs and incorporates them into this Count.

198. Defendants violated the restrictions the FDCPA imposes on them prohibiting Defendants from collecting a debt when Plaintiff disputed the debt and Defendants failed to mail Plaintiff verification of the debt.

199. Defendants violated the restrictions the FDCPA imposes on them mandating that Defendants provide Plaintiff a written notice within five days after initial communication with a consumer.

200. Defendants failed to send Plaintiff a written notice containing the amount of the debt.

201. Defendants never provided the account number of the underlying debt to Plaintiff.

202. Defendants failed to send Plaintiff a written notice containing the name of the creditor to whom the debt is owed.

203. Defendants failed to send Plaintiff a statement that unless the consumer, within thirty (30) days after receipt of the notice, disputes that validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

204. Defendants failed to send Plaintiff a statement that if the consumer notifies the debt collector in writing within the thirty-day (30) period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

205. Defendants failed to send Plaintiff a statement that, upon the consumer's written request within the thirty-day (30) period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current

creditor.

206.  The restrictions are codified at 15 USC § 1692(g).

207.  The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1)  Actual Damages pursuant to 15 USC § 1692k(a)(1),
2)  Statutory Damages in the amount of $1,000 pursuant to 15 USC § 1692k(a)(2)(A),
3)  Costs and attorney fees pursuant to 15 USC § 1692k(a)(3),
4)  Declaratory relief that the Defendants violated the FDCPA,
5)  Referral of this Court's findings to the Federal Trade Commission,
6)  Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB) New England Regional Office,
7)  Referral of this Court's findings to the Rhode Island Attorney General.
8)  Such other relief as the Court may deem just and appropriate.

**COUNT XII - RI FDCPA – Communication in connection with debt collection**

208.  The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

209.  Defendants violated the restrictions the RI FDCPA imposes on them prohibiting Defendants from communicating to a consumer when Defendants know it is not convenient to the consumer.

210.  Defendants violated the restrictions the RI FDCPA imposes on them prohibiting Defendants from communicating regarding the collection of a debt with any person other than the consumer.

211.  The restrictions are codified at RIGL § 19-14.9-5.

212.  Defendants harassed and abused Plaintiff in connection with the collection of a debt.

213.  The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1)  Actual Damages pursuant to RIGL § 19-14.9-13 (2)(a),
2)  Statutory Damages in the amount of $1,000 pursuant to RIGL § 19-14.9-

13 (2)(b),
3) Costs and attorney fees pursuant to RIGL § 19-14.9-13 (2)(d),
4) Declaratory relief that the Defendants violated the RI FDCPA,
5) Referral of this Court's findings to the Federal Trade Commission,
6) Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB) New England Regional Office,
7) Referral of this Court's findings to the Rhode Island Attorney General.
8) Such other relief as the Court may deem just and appropriate.

## COUNT XIII - RI FDCPA – Abuse and Harassment

214. The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

215. Defendants violated the restrictions the RI FDCPA imposes on them prohibiting Defendants from abusing and harassing persons.

216. The restrictions are codified at RIGL § 19-14.9-6.

217. Defendants repeatedly placed telephone calls to Plaintiff without meaningful disclosure of the caller's identity.

218. Defendants harassed and abused Plaintiff in connection with the collection of a debt.

219. The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to RIGL § 19-14.9-13 (2)(a),
2) Statutory Damages in the amount of $1,000 pursuant to RIGL § 19-14.9-13 (2)(b),
3) Costs and attorney fees pursuant to RIGL § 19-14.9-13 (2)(d),
4) Declaratory relief that the Defendants violated the RI FDCPA,
5) Referral of this Court's findings to the Federal Trade Commission,
6) Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB) New England Regional Office,
7) Referral of this Court's findings to the Rhode Island Attorney General.
8) Such other relief as the Court may deem just and appropriate.

## COUNT XIV - RI FDCPA - False/Misleading Representations

220. The Plaintiff reasserts the facts and allegations contained in all of the proceeding

paragraphs and incorporates them into this Count.

221.    Defendants violated the restrictions the RI FDCPA imposes on them prohibiting them from making false, deceptive, or misleading representations.

222.    Defendant failed to disclose in the initial oral communication with Plaintiff that Defendant is attempting to collect a debt and that any information obtained will be used for that purpose.

223.    Defendant failed to disclose in the subsequent oral communication with Plaintiff that Defendant is attempting to collect a debt and that any information obtained will be used for that purpose.

224.    During the communications with Plaintiff, Defendants used a name other than the true name of the debt collector's business.

225.    The restrictions are codified at RIGL § 19-14.9-7.

226.    The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to RIGL § 19-14.9-13 (2)(a),
2) Statutory Damages in the amount of $1,000 pursuant to RIGL § 19-14.9-13 (2)(b),
3) Costs and attorney fees pursuant to RIGL § 19-14.9-13 (2)(d),
4) Declaratory relief that the Defendants violated the RI FDCPA,
5) Referral of this Court's findings to the Federal Trade Commission,
6) Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB) New England Regional Office,
7) Referral of this Court's findings to the Rhode Island Attorney General
8) Such other relief as the Court may deem just and appropriate.

## COUNT XV - RI FDCPA - Unfair Practices

227.    The Plaintiff reasserts the facts and allegations contained in all of the proceeding paragraphs and incorporates them into this Count.

228.    Defendants violated the restrictions the RI FDCPA imposes on them prohibiting

Defendants from using unfair or unconscionable means while attempting to collect a debt.

229. Defendants used unfair or unconscionable means to attempt to collect debt when Defendant is not permitted by law to collect such debt.

230. Defendants used unfair or unconscionable means to attempt to collect debt by causing charges to be made to Plaintiff for communications by concealment of the true purpose of the communication. Such charges include, but are not limited to, repeated calls to Plaintiff's cellular telephone from telephone numbers that did not identify the caller as Global or a debt collector.

231. Where the Global's caller ID does not clearly reveal the "true purpose," calls to Plaintiff's cell phone that generates usage charges violate the FDCPA.

232. Plaintiff was not able to determine that Defendant's calls were about debt collection before incurring the fees.

233. The restrictions are codified at RIGL § 19-14.9-8.

234. The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to RIGL § 19-14.9-13 (2)(a),
2) Statutory Damages in the amount of $1,000 pursuant to RIGL § 19-14.9-13 (2)(b),
3) Costs and attorney fees pursuant to RIGL § 19-14.9-13 (2)(d),
4) Declaratory relief that the Defendants violated the RI FDCPA,
5) Referral of this Court's findings to the Federal Trade Commission,
6) Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB) New England Regional Office,
7) Referral of this Court's findings to the Rhode Island Attorney General.
8) Such other relief as the Court may deem just and appropriate.

### COUNT XVI - RI FDCPA - Validation

235. The Plaintiff reasserts the facts and allegations contained in all of the proceeding

paragraphs and incorporates them into this Count.

236. Defendants violated the restrictions the RI FDCPA imposes on them prohibiting Defendants from collecting a debt when Plaintiff disputed the debt and Defendants failed to mail Plaintiff verification of the debt.

237. Defendants violated the restrictions the RI FDCPA imposes on them mandating that Defendants provide Plaintiff a written notice within five days after initial communication with a consumer.

238. Defendants violated the restrictions the FDCPA imposes on them mandating that Defendants provide Plaintiff a written notice within five days after initial communication with a consumer.

239. Defendants failed to send Plaintiff a written notice containing the amount of the debt.

240. Defendants never provided the account number of the underlying debt to Plaintiff.

241. Defendants failed to send Plaintiff a written notice containing the name of the creditor to whom the debt is owed.

242. Defendants failed to send Plaintiff a statement that unless the consumer, within thirty (30) days after receipt of the notice, disputes that validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector.

243. Defendants failed to send Plaintiff a statement that if the consumer notifies the debt collector in writing within the thirty-day (30) period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector.

244. Defendants failed to send Plaintiff a statement that, upon the consumer's written request within the thirty-day (30) period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

245. The restrictions are codified at RIGL § 19-14.9-9.

246. The Plaintiff suffered damages as a result of the conduct described in this Count.

**Wherefore**, the Plaintiff requests judgment against each Defendant for

1) Actual Damages pursuant to RIGL § 19-14.9-13 (2)(a),
2) Statutory Damages in the amount of $1,000 pursuant to RIGL § 19-14.9-13 (2)(b),
3) Costs and attorney fees pursuant to RIGL § 19-14.9-13 (2)(d),
4) Declaratory relief that the Defendants violated the RI FDCPA,
5) Referral of this Court's findings to the Federal Trade Commission,
6) Referral of this Court's findings to the Consumer Financial Protection Bureau (CFPB) New England Regional Office,
7) Referral of this Court's findings to the Rhode Island Attorney General.
8) Such other relief as the Court may deem just and appropriate.

## JURY DEMAND

Plaintiff requests a trial by jury on all Counts.

The Plaintiff,

*/s/ Christopher Laccinole*
Christopher M. Laccinole
23 Othmar St.
Narragansett, RI 02882
chrislaccinole@gmail.com

## CERTIFICATE OF SERVICE

Plaintiff certifies that on April 28, 2021 he mailed a copy of the foregoing First Amended Complaint with all exhibits to Defense Counsel via USPS first class certified mail, return receipt requested at:

> Jeffrey C. Ankrom
> Locke Lord LLP
> 2800 Financial Plaza
> Providence, RI 02903

# EXHIBIT

# A

Global Payments Check Services, LLC. (953436) Company (MU1) ACN Processed submitted 11/13/2020 by System.

## Business Activities

Item 1 of 2:
Business Activity: Active debt buying (undertakes direct collections on accounts)
Industry: Debt
State(s): Connecticut, Maryland

Item 2 of 2:
Business Activity: First party debt collection
Industry: Debt
State(s): Alabama, Alaska, Arizona, Arkansas, California, Colorado, Connecticut, Delaware, District of Columbia, Florida, Georgia, Guam, Hawaii, Idaho, Illinois, Indiana, Iowa, Kansas, Kentucky, Louisiana, Maine, Maryland, Massachusetts, Michigan, Minnesota, Mississippi, Missouri, Montana, Nebraska, Nevada, New Hampshire, New Jersey, New Mexico, New York, North Carolina, North Dakota, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, US Virgin Islands, Utah, Vermont, Virginia, Washington, West Virginia, Wisconsin, Wyoming

## License/Registration Information

Item 1 of 4:
Regulator: Connecticut
License: Consumer Collection Agency License

Item 2 of 4:
Regulator: Maryland
License: Collection Agency License

Item 3 of 4:
Regulator: Massachusetts
License: Debt Collector

Item 4 of 4:
Regulator: Rhode Island
License: Debt Collector Registration

# Identifying Information

**Entity name and EIN:**

**Entity Name:** Global Payments Check Services, LLC.

**IRS Employer Identification Number:** ▮▮▮▮▮▮

**Main address:**

**Number & Street:** 6215 West Howard Street

**City:** Niles

**State:** Illinois

**Country / Province:** United States

**Postal Code:** 60714

**Business phone, fax and email address:**

**Business Phone:** 847-647-1700

**Toll-Free Number (for consumers):**

**Fax Line:** 847-647-2286

**Email Address:** lj.williams@globalpay.com

**Mailing address:**

**PO Box or Number & Street:** 6215 West Howard Street

**City:** Niles

**State:** Illinois

**Country / Province:** United States

**Postal Code:** 60714

**Any other business locations?**

**Other than the main office does the** No
**entity conduct business with**
**consumers through branch offices**
**or other business locations?**

# Other Trade Names

No Record found.

# Resident/Registered Agent

**Item 1 of 5:**

**Company:** Ct Corporation System

**First Name:**

**Last Name:**

**Title:** registered agent

**Business Address:** 101 FEDERAL STREET
(Do not provide PO Box)

**City:** Boston

**State:** Massachusetts

**Country / Province:** United States

**Postal Code:** 02110

**Business Phone:** (617) 757-6400

**Fax Line:**

**Email Address:**

---

Item 2 of 5:

**Company:** CT Corporation

**First Name:** N/A

**Last Name:** N/A

**Title:** N/A

**Business Address:** 10 Weybosset Street
(Do not provide PO Box)

**City:** Providence

**State:** Rhode Island

**Country / Province:** United States

**Postal Code:** 02903

**Business Phone:** 401-861-7400

**Fax Line:**

**Email Address:**

---

Item 3 of 5:

**Company:** C T Corporation System

**First Name:** N/A

**Last Name:** N/A

**Title:** registered agent

**Business Address:** One Corporate Center
(Do not provide PO Box)   Floor 11

**City:** Hartford

**State:** Connecticut

**Country / Province:** United States

**Postal Code:** 06103-3220

**Business Phone:** 860-724-9044

**Fax Line:**

**Email Address:**

---

Item 4 of 5:

**Company:** The Corporation Trust Inc.

**First Name:**

---

Last Name:

Title: registered agent

Business Address: 2405 York Rd., Suite 201
(Do not provide PO Box)

City: Lutherville Timonium

State: Maryland

Country / Province: United States

Postal Code: 21093

Business Phone: 855-316-6944

Fax Line:

Email Address:

---

Item 5 of 5:

Company: C T CORPORATION SYSTEM

First Name:

Last Name:

Title: Resident Agent

Business Address: 206 S CORONADO AVE
(Do not provide PO Box)

City: ESPANOLA

State: New Mexico

Country / Province: United States

Postal Code: 87532

Business Phone: 855-545-1303

Fax Line:

Email Address:

## Web Addresses

Item 1 of 1:

Website Address: globalpaymentsinc.com

Is your company accepting applications or transacting business through this website? No

## Contact Employee Information

Item 1 of 1:

[x] Primary Company Contact

[x] Primary Consumer Complaint (Regulator)

First Name: George
Last Name: Carson
Title: Senior Operations Manager
Email Address: george.carson@globalpay.com
Mailing Address: 6215 West Howard Street

City: Niles
State: Illinois
Country / Province: United States
Postal Code: 60714
Business Phone: 847-647-1700x560
Fax Line: 866-581-8747
Industry Type(s):
Area(s) of Responsibility:
State(s):

## Books and Records Information

Item 1 of 1:

Company: Global Payments Check Services, Inc.

First Name: Keith

Last Name: Gardeck

Business Address: 6215 West Howard Street
(Do not provide PO Box)

City: Niles

State: Illinois

Country / Province: United States

Postal Code: 60714

Business Phone: 847-647-1700x591

Fax Line: 866-581-7311

Email Address: keith.gardeck@globalpay.com

Industry Type(s): Debt

State(s): Alaska, Alabama, Arkansas, Arizona, California, Colorado, Connecticut, District of Columbia, Delaware, Florida, Georgia, Guam, Hawaii, Iowa, Idaho, Illinois, Indiana, Kansas, Kentucky, Louisiana, Massachusetts, Maryland, Maine, Michigan, Minnesota, Missouri, Mississippi, Montana, North Carolina, North Dakota, Nebraska, New Hampshire, New Jersey, New Mexico, Nevada, New

York, Ohio, Oklahoma, Oregon, Pennsylvania, Puerto Rico, Rhode Island, South Carolina, South Dakota, Tennessee, Texas, Utah, Virginia, US Virgin Islands, Vermont, Washington, Wisconsin, West Virginia, Wyoming

**Comments:**

(Please limit your text entry to 512 characters.)

# Approvals and Designations

Provide the information below for any approvals/designations the company currently holds.

☐ Federal Housing Administration (FHA) Approval

    Approval Type:

    Main Approval #:

☐ Ginnie Mae approved Issuer/Servicer – Main Approval #:

☐ Fannie Mae approved Seller/Servicer – Main Approval #:

☐ Freddie Mac approved Seller/Servicer – Main Approval #:

☐ Veterans Administration (VA) Approved Lender – Main Approval #:

☐ FinCEN Registration – Money Service Business only

    Confirmation #:

     Filing Date:

☐ Uniform Debt-Management Services Act Accreditation

☐ Guaranteed Rural Housing (GRH) Approval – Main Approval #:

☐ Other Approval/Designation

    Name of Approval/Designation:

     Approval/Registration #:

Will the entity engage in any non-financial services related business?  No

If "yes" briefly describe.

Will the entity occupy or share space with any person(s) engaged in financial services-related activity?  No

If "yes" briefly describe.

# Bank Account Information

Item 1 of 2:

                     Account Type: Operating

    Amount of Letter/Line of Credit:

    (no dollar sign, comma, or decimal point).

Letter/Line of Credit Expiration Date:



(MM/DD/YYYY)

Name: ▮▮▮▮▮

PO Box or Number & Street: ▮▮▮▮▮▮▮

City: ▮▮▮▮▮

State: ▮▮▮

Country / Province: United States

Postal Code: ▮▮▮

Account Number: ▮▮▮▮▮

Notes:

Industry Type(s): Debt

State(s): ▮▮▮▮

Item 2 of 2:

Account Type: Trust/Primary

Amount of Letter/Line of Credit:
(no dollar sign, comma, or decimal point)

Letter/Line of Credit Expiration Date:
(MM/DD/YYYY)

Name: ▮▮▮▮

PO Box or Number & Street: ▮▮▮▮▮▮

City: ▮▮▮▮

State: ▮▮▮

Country / Province: United States

Postal Code: ▮▮▮

Account Number: ▮▮▮▮

Notes:

Industry Type(s): Debt

State(s): ▮▮▮▮▮▮▮

## Legal Status

Fiscal year end (MM/DD): 12/31

If publicly traded, please insert stock symbol:

Formation State: Illinois

Formation Country / Province: United States

Formation Date: 10/13/1964

Legal Status: Limited Liability Company

Description:

## Affiliates/Subsidiaries

Item 1 of 2:

Entity ID:

Affiliate/Subsidiary Name: Global Payments Gaming Services, Inc.

Control Relationship: Subsidiary (Entity Controls)

Number and Street: 6215 W. Howard St.

City: Niles

State: Illinois

Country / Province: United States

Postal Code: 60714

Description: Entity provides check guarantee and verification services for merchant in the gaming industry.

Item 2 of 2:

Entity ID: 953432

Affiliate/Subsidiary Name: Global Payments Check Recovery Services, Inc

Control Relationship: Affiliate (Under Common Control)

Number and Street: 6215 West Howard Street

City: Niles

State: Illinois

Country / Province: United States

Postal Code: 60714

Description: Entity is a third party debt collection agency:

## Financial Institutions

No Record found.

## Disclosure Questions

Criminal Disclosure

(A) Has the entity or a control affiliate ever:

(1) been convicted of or pled guilty or nolo contendere ("no contest") in a domestic, foreign, or military court to any felony?   No

(2) been charged with any felony?   No

(B)

| | |
|---|---|
| (1) In the past 10 years has the entity or a control affiliate been convicted of or pled guilty or nolo contendere ("no contest") in a domestic, foreign, or military court to committing or conspiring to commit a misdemeanor involving: (i) financial services or a financial services-related business, (ii) fraud, (iii) false statements or omissions, (iv) theft or wrongful taking of property, (v) bribery, (vi) perjury, (vii) forgery, (viii) counterfeiting, or (ix) extortion? | No |
| (2) Are there pending charges against the entity or a control affiliate for a misdemeanor specified in (B)(1)? | No |

**Regulatory Action Disclosure**

(C) In the past 10 years, has any State or federal regulatory agency or foreign financial regulatory authority or self-regulatory organization (SRO) ever:

| | |
|---|---|
| (1) found the entity or a control affiliate to have made a false statement or omission or been dishonest, unfair or unethical? | No |
| (2) found the entity or a control affiliate to have been involved in a violation of a financial services-related regulation(s) or statute(s)? | Yes |
| (3) found the entity or a control affiliate to have been a cause of a financial services-related business having its authorization to do business denied, suspended, revoked or restricted? | No |
| (4) entered an order against the entity or a control affiliate in connection with a financial services-related activity? | No |
| (5) denied, suspended, or revoked the entity's or a control affiliate's registration or license or otherwise, by order, prevented it from associating with a financial services-related business or restricted its activities? | No |
| (D) Has the entity's or a control affiliate's authorization to act as an attorney, accountant, or State or federal contractor ever been revoked or suspended? | No |
| (E) Is there a pending regulatory action proceeding against the entity or a control affiliate for any alleged violation described in (C) through (D)? | No |

**Civil Disclosure**

(F) Has any domestic or foreign court:

| | |
|---|---|
| (1) in the past ten years enjoined the entity or a control affiliate in connection with any financial services-related activity? | No |
| (2) in the past ten years found the entity or a control affiliate was involved in a violation of any financial services-related statute(s) or regulation(s)? | No |
| (3) in the past ten years dismissed, pursuant to a settlement agreement, a financial services-related civil action brought against the entity or control affiliate by a State or foreign financial regulatory authority? | No |
| (G) Is there a pending financial services-related civil action in which the entity or a control affiliate is named for any alleged violation described in (F)? | No |

**Financial Disclosure**

| | |
|---|---|
| (H) In the past ten years has the entity or a control affiliate been the subject of a bankruptcy petition? | No |
| (I) Has a bonding company ever denied, paid out on, or revoked a bond for the entity? | No |
| (J) Does the entity have any unsatisfied judgments or liens against it? | No |

# Disclosure Explanations

Item 1 of 1:

Event Explanation Detail

███████████████████████



**Brief Description of Explanation:**

**Disposition:** Closed

**Provide Description only if Disposition is 'Other':**

**Event Explanation Detail (Required):**



**Applicable Questions**

**Regulatory Action Disclosure**

(C) In the past 10 years, has any State or federal regulatory agency or foreign financial regulatory authority or self-regulatory organization (SRO) ever:

(2) found the entity or a control affiliate to have been involved in a violation of a financial services-related regulation(s) or statute(s)?

**Supporting File**

No Record found.

**Explanation Status:** Existing

## Direct Owners and Executive Officers

Item 1 of 3:

           **Entity ID:**

           **Full Legal Name:** Global Payments Direct, Inc.

           **Title:** Sole Owner

           **Percentage of Ownership:** 100

           **Stock Symbol:**

           **SSN or EIN:**

           **Individual or Company:** Company

Item 2 of 3:

           **Entity ID:** 1690218     View Individual Snapshot

           **Full Legal Name:** Justice, Christopher Brian

           **Title:** President

           **Percentage of Ownership:** 0

           **Individual or Company:** Individual

Item 3 of 3:
Entity ID: 1152956        View Individual Snapshot
Full Legal Name: Williams, LaMonte J II
Title: Secretary
Percentage of Ownership: 0
Individual or Company: Individual

## Indirect Owners

Item 1 of 1:
Entity ID:
Full Legal Name: Global Payments Inc.
(Individuals: Last, First, Middle)
Ownership Type: Ultimate Parent
Stock Symbol: GPN
SSN or EIN: ▮▮▮▮▮▮
Equity Owner in Which Interest is Held: Global Payments Direct, Inc.
Percentage of Ownership: 100
Control Person: No
Individual Or Company: Company

## Qualifying Individuals

Item 1 of 3:
Entity ID: 953862   View Individual Snapshot
Full Legal Name: Carson, George
Title: Senior Operations Manager
Business Address: 6215 W. Howard St.
City: Niles
State: Illinois
Country / Province: United States
Postal Code: 60714

| Current | Industry Types | Pending Creation Effective Date | Pending Removal Effective Date |
|---------|----------------|-------------------------------|-------------------------------|
| Yes     | Debt           |                               |                               |

| Current | States | Pending Creation Effective Date | Pending Removal Effective Date |
|---------|--------|-------------------------------|-------------------------------|
| Yes     | Massachusetts |                        |                               |
| Yes     | Rhode Island  |                        |                               |

Item 2 of 3:
Entity ID: 2062338   View Individual Snapshot
Full Legal Name: Thomason, Bryan

| | Title: | Collections Agency Manager |
| | Business Address: | 111 Lomas Blvd. NW, Ste. 200 |
| | City: | Albuquerque |
| | State: | New Mexico |
| | Country / Province: | United States |
| | Postal Code: | 87102 |

| Current | Industry Types | Pending Creation Effective Date | Pending Removal Effective Date |
|---|---|---|---|
| Yes | Debt | | |

| Current | States | Pending Creation Effective Date | Pending Removal Effective Date |
|---|---|---|---|
| Yes | New Mexico | | |

Item 3 of 3:

| | Entity ID: | 1152956  View Individual Snapshot |
| | Full Legal Name: | Williams, LaMonte J II |
| | Title: | Secretary, General Counsel & Director |
| | Business Address: | 6215 W. Howard St. |
| | City: | Niles |
| | State: | Illinois |
| | Country / Province: | United States |
| | Postal Code: | 60714 |

| Current | Industry Types | Pending Creation Effective Date | Pending Removal Effective Date |
|---|---|---|---|
| Yes | Debt | | |

| Current | States | Pending Creation Effective Date | Pending Removal Effective Date |
|---|---|---|---|
| Yes | Connecticut | | |

## Document Uploads

View Document Uploads in Company Composite

View Redline

Expand all | Collapse all

### Business Plan (6)

| File Name | State | Status | Reason for Change | Submission Date | Comment |
|---|---|---|---|---|---|
| ███████████████████████████████████████ | | | | | |



that runs through page 4 of the plan.

### Certificate of Authority/Good Standing Certificate (6)

| File Name | State | Status | Reason for Change | Submission Date | Comment |
|---|---|---|---|---|---|

### Company Staffing and Internal Policies (2)

| File Name | State | Status | Reason for Change | Submission Date | Comment |
|---|---|---|---|---|---|
| | N/A | Existing | | 11/7/2018 4:22:12 PM | |
| | N/A | Existing | | 10/18/2017 12:38:10 PM | |

### Document Samples (5)

| File Name | State | Status | Reason for Change | Submission Date | Comment |
|---|---|---|---|---|---|



|  | | Document Samples |
| --- | --- | --- |
|  | | |
|  | | Bond |

### Formation Document (5)

| File Name | State | Status | Reason for Change | Submission Date | Comment |
| --- | --- | --- | --- | --- | --- |
| Global Payments Check Services, LLC-IL-Cert Copy of Articles of Org & (1).pdf | N/A | Existing | | 7/26/2019 12:28:16 PM | Articles of Organization, Illinois |
| RI SOS Filings.pdf | N/A | Existing | | 7/26/2019 12:28:16 PM | Rhode Island |
|  | | | | | |
|  | | | | | |
|  | | | | | |

### �adjust (5)

| File Name | State | Status | Reason for Change | Submission Date | Comment |
| --- | --- | --- | --- | --- | --- |
| GPCSI Org Chart 2017.pdf | N/A | Existing | | 11/6/2017 4:50:51 PM | |

013

### Organizational Chart/Description (2)

| File Name | State | Status | Reason for Change | Submission Date | Comment |
| --- | --- | --- | --- | --- | --- |
| Global Payments Check Services, Inc. Organizational Chart.pdf | N/A | Existing | | 9/28/2017 3:11:44 PM | |



### Surety Bond (9)

| | File Name | State | Status | Reason for Change | Submission Date | Comment |
|---|---|---|---|---|---|---|
| | ███████ | █████ | ████ | | ███████ | ████ |
| | ███████ | ████ | ███ | | █████ | |
| | ███████ | ███ | ███ | | █████ | ████ |
| | ████ | ██ | ███ | | █████ | █ |
| | ███ | ████ | ███ | | █████ | █ |
| | ███████ | ███ | ███ | | █████ | |
| | ██████ | ███ | ███ | | █████ | |
| | █████ | ███ | ███ | | █████ | |
| | █████ | ██ | ███ | | ███████ | |

RI SOS  Filing Number: 201996120220    Date: 6/10/2019 1:13:00 PM

State of Rhode Island and Providence Plantations
**Department of State - Business Services Division**

## Application for Registration
FOREIGN Limited Liability Company

→ Filing Fee: $150.00

Pursuant to the provisions of RIGL 7-16-49, the undersigned foreign limited liability company hereby applies for a Certificate of Registration to transact business in the State of Rhode Island, and for that purpose submits the following statement

STAMP

| | |
|---|---|
| 1. The name of the limited liability company is: Global Payments Check Services LLC | |

Is this company organized in its state or country of formation as a low-profit limited liability company?    Yes ☐   No ☒

The name, if different, under which it proposes to register and transact business in Rhode Island is:

2. The LLC is organized under the laws of:  Illinois

3. The date of its organization is: ~~10/13/1964~~  8/30/2018

And the period of its duration is:  **CHECK ONE BOX ONLY**

☒ Perpetual (on-going)

☐ Date certain for dissolution _____

4. The name and address of the resident agent/office in Rhode Island is:

Agent Name
C T Corporation System

Street Address (**NOT** a P.O. Box)
450 Veterans Memorial Parkway, Suite 7A

| City/Town | State | Zip Code |
|---|---|---|
| East Providence | **RHODE ISLAND** | 02914 |

5. The purpose or purposes which it proposes to pursue in the transaction of business in Rhode Island are:

CHECK VALIDATION SERVICES

Check the box to indicate an attachment ☐

**MAIL TO:**
Division of Business Services
148 W. River Street, Providence, Rhode Island 02904-2615
Phone: (401) 222-3040
Website: www.sos.ri.gov

FILE STAMP
JUN 10 2019  1:13
BY  Ca 8E323

FORM 450 - Revised  01/2019

6. The RI Department of State is appointed the agent of the foreign limited liability company for service of process if, at any time, there is no resident agent or if the resident agent cannot be found or served following the exercise of reasonable diligence.

7. The address of the office required to be maintained in the state or country of its organization by the laws of that state or, if not so required, of the principal office of the foreign limited liability company is:

208 SO LASALLE ST, SUITE 814, Chicago, IL 60604

8. The mailing address for the limited liability company is:

208 SO LASALLE ST, SUITE 814, Chicago, IL 60604

9. Management of the Limited Liability Company.  Manger- Managed

The Limited Liability Company is to be managed by: **CHECK ONLY ONE BOX**

☐ By its members (If you have checked this box, go to Section 9. (DO NOT fill out the chart below.)

☒ By one (1) or more managers (List managers below)

| MANAGER | ADDRESS |
|---|---|
| Global Payments Direct Inc. | 10 Glenlake Pkwy NE Atlanta GA 30328 |
| | |
| | |
| | |

10. This application must be accompanied by a Certificate of Good Standing/Letter of Status from the state or country of formation dated within 60 days of the date of filing.

11. Date when this application for Certificate of Registration will be effective: **CHECK ONE BOX ONLY**

☒ Date received (Upon filing)

☐ Later effective date (Date must be no more than 90 days from the date of filing) _____

Under penalty of perjury, I declare and affirm that I have examined this Application for Registration, including any accompanying attachments, and that all statements contained herein are true and correct.

| Type or Print Name of LLC | Date |
|---|---|
| Global Payments Check Services LLC | 06/07/2019 |

Signature of Authorized Person

*Jodi Sawan*     SIGN DOCUMENT HERE

If you have any questions, please call us at (401) 222-3040, Monday through Friday, between 8:30 a.m. and 4:30 p.m., or email corporations@sos.ri.gov.

FORM 450 - Revised  01/2019

File Number      0686985-8



## To all to whom these Presents Shall Come, Greeting:

*I, Jesse White, Secretary of State of the State of Illinois, do hereby certify that I am the keeper of the records of the Department of Business Services. I certify that*

GLOBAL PAYMENTS CHECK SERVICES, LLC, HAVING ORGANIZED IN THE STATE OF ILLINOIS ON AUGUST 30, 2018, APPEARS TO HAVE COMPLIED WITH ALL PROVISIONS OF THE LIMITED LIABILITY COMPANY ACT OF THIS STATE, AND AS OF THIS DATE IS IN GOOD STANDING AS A DOMESTIC LIMITED LIABILITY COMPANY IN THE STATE OF ILLINOIS.



**In Testimony Whereof,** *I hereto set my hand and cause to be affixed the Great Seal of the State of Illinois, this* 7TH *day of* JUNE *A.D.* 2019 .

*Jesse White*

SECRETARY OF STATE

Authentication #: 1915801406 verifiable until 06/07/2020
Authenticate at hnp://www.cyberdriveillinois.com

RI SOS  Filing Number: 201996120220    Date: 6/10/2019 1:13:00 PM

 State of Rhode Island and Providence Plantations
**Department of State | Office of the Secretary of State**
**Nellie M. Gorbea,** *Secretary of State*

I, NELLIE M. GORBEA, Secretary of State of the State of Rhode Island

and Providence Plantations, hereby certify that this document, duly executed in

accordance with the provisions of Title 7 of the General Laws of Rhode Island, as

amended, has been filed in this office on this day:

June 10, 2019 01:13 PM

Nellie M. Gorbea
*Secretary of State*



RI SOS  Filing Number: 201907300330    Date: 7/24/2019 11:27:00 AM

State of Rhode Island and Providence Plantations
**Department of State - Business Services Division**

# Amendment to Application for Registration
FOREIGN Limited Liability Company

→ Filing Fee: $50.00

Pursuant to the provisions of RIGL 7-16-52 the undersigned foreign limited liability company hereby amends its Application for a Certificate of Registration to transact business in the state of Rhode Island, and for that purpose submits the following statement:

| 1. Entity ID Number: | 2. The name of the limited liability company is: |
|---|---|
| 001696849 | Global Payments Check Services, LLC |

3. If the entity's name is changing, state the new name:

Check the box to indicate no change ☒

3a. The entity's name, if different, under which it proposed to register and transact business in Rhode Island is:

4. If the period of duration has changed in the home state, complete the following section: CHECK ONE BOX ONLY

☐ Perpetual (on-going)

☐ Date certain for dissolution _____                    Check the box to indicate no change ☒

5. If the required address of the office to be maintained in the state or country of its organization has changed, complete the following section:

Check the box to indicate no change ☒

6. If the mailing address is changing complete the following section:

Check the box to indicate no change ☒

7. If the entity's purpose is changing complete the following section: *The new purpose should include ALL activity to be transacted in the State of Rhode Island.*

Check the box to indicate an attachment ☐                    Check the box to indicate no change ☒

MAIL TO:
Division of Business Services
148 W. River Street, Providence, Rhode Island 02904-2615
Phone: (401) 222-3040
Website: www.sos.ri.gov

FILED
JUL 2 4 2019
BY CW  ZVOID

FORM 451 - Revised  12/2018

8. If the management structure has changed, complete the following section:

The Limited Liability Company is to be managed by: CHECK ONLY ONE BOX

[X] Its member(s) (If you have checked this box, skip to Section 9. DO NOT fill out the chart on the next page.)

[ ] One (1) or more managers(s) (If the limited liability company has manager(s) at the time of the filing of this Amendment to the Application for Registration, state the name and address of each manager.)

| MANAGER | ADDRESS |
|---|---|
|  |  |
|  |  |
|  |  |
|  | Check the box to indicate no change [ ] |

9. As required by RIGL 7-16-67, the limited liability company has paid all fees and taxes.

10. Except as herein modified, the original Application for Registration continues in full force and effect and is hereby confirmed, by a person with authority, by reference into this Amendment to the Application for Registration.

11. Date when this Amendment to the Application for Registration will be effective: CHECK ONE BOX ONLY

[X] Date received (Upon filing)

[ ] Later effective date (Date must be no more than 90 days from the date of filing) _____

*Under penalty of perjury, I declare and affirm that I have examined this Amendment to the Application for Registration, including any accompanying attachments, and that all statements contained herein are true and correct.*

| Type or Print Name of Limited Liability Company | Date |
|---|---|
| Global Payments Check Services, LLC | 7/19/2079 |

Signature of Authorized Person

~~SIGN OR STAMP HERE~~

David L. Green, Secretary of Global Payments Direct, Inc., Member

If you have any questions, please call us at (401) 222-3040, Monday through Friday, between 8:30 a.m. and 4:30 p.m., or email corporations@sos.ri.gov.

FORM 451 - Revised: 12/2016

RI SOS  Filing Number: 201907300330    Date: 7/24/2019 11:27:00 AM



State of Rhode Island and Providence Plantations
**Department of State | Office of the Secretary of State**
**Nellie M. Gorbea,** *Secretary of State*

I, NELLIE M. GORBEA, Secretary of State of the State of Rhode Island

and Providence Plantations, hereby certify that this document, duly executed in

accordance with the provisions of Title 7 of the General Laws of Rhode Island, as

amended, has been filed in this office on this day:

July 24, 2019 11:27 AM

Nellie M. Gorbea
*Secretary of State*



# GLOBAL PAYMENTS CHECK SERVICES, INC.
# ORGANIZATIONAL CHART



# EXHIBIT

# B

# GAMING'S LEADING E-CHECK NETWORK

globalpaymentsgaming.com/global-payments-gaming-e-check

## 3 MILLION REGISTERED USERS CAN'T BE WRONG

Because 10 percent of guests make up 80 percent of casino revenue, easily enabling VIP play is essential to success. VIP Preferred®, our e-check network, is available in more than 500 North American physical and online gaming locations. More than 3 million consumers rely on Global Payments for simple, safe and responsible play. The process is fully electronic and requires no complex guest signup.

## The industry's highest limits.

Because we're part of Global Payments, one of the world's leading payment technology companies, we understand the unique financial profiles of your VIP guests like no other partner can. After a simple one-time enrollment process, guests receive revolving 7-day limits of up to $50,000 instantly and can store up to four checking accounts. All check transactions are fully guaranteed by Global Payments.

## Play today, settle later.

Our delayed settlement casino e-check offering, Choice4™, enables our clients to put more cash in play by extending e-check settlement to 7,14, 21 or 28 days.  Available where regulations allow, the process is as simple, with funds drawn from the guest's account at the agreed upon date.

## ARE YOU READY TO JOIN HUNDREDS OF LAND-BASED AND ONLINE OPERATORS?

Millions of people can't be wrong. Learn more about accepting gaming's leading e-check network.

Download Brochure



Contact us to learn more about our suite of products

Contact Us