UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

CHRISTOPHER LACCINOLE      :
:
v.      :      C.A. No. 21-00090-WES
:
GLOBAL PAYMENTS CHECK      :
SERVICES, LLC      :

**REPORT AND RECOMMENDATION**

Lincoln D. Almond, United States Magistrate Judge

Pending before me for a report and recommendation (28 U.S.C. § 636(b)(1)(B)) is Plaintiff's Motion to Remand. (ECF No. 11). Defendant opposes the Motion. (ECF No. 13). For the following reasons, I recommend that Plaintiff's Motion to Remand (ECF No. 11) be DENIED.

**Discussion**

This case was properly removed from state court to this Court by Defendant on February 24, 2021 due to the presence of federal claims in Plaintiff's Complaint. See 28 U.S.C. §§ 1441(a) and 1331. Plaintiff did not contest removal at that time. Defendant moved to dismiss Plaintiff's Complaint on April 14, 2021 for failure to state a claim. (ECF No. 8). Plaintiff mooted that Motion by amending his Complaint. (ECF No. 9). Plaintiff's First Amended Complaint asserts sixteen counts including federal statutory claims under the Telephone Consumer Protection Act ("TCPA") and the Fair Debt Collection Practices Act ("FDCPA"). He alleges that he "suffered damages" as a result of these violations and requests judgment for "actual" and statutory damages.

Defendant filed a Motion to Dismiss the Amended Complaint pursuant to Rule 12(b)(6) for "fail[ure] to state a single plausible claim for relief." (ECF No. 10-1 at p. 2). It describes the pleading as "frivolous" and seeks dismissal with prejudice. Id. Plaintiff countered with the instant

Motion to Remand and a request for an extension of time to respond to the Motion to Dismiss. (ECF Nos. 11 and 12). In the Motion to Remand, Plaintiff seizes on Defendant's arguments for dismissal. He asserts that since Defendant "necessarily denies that [he] has Article III standing," it had no basis for removal, and this Court lacks subject matter jurisdiction over this case including the pending Motion to Dismiss. (ECF No. 11-1 at p. 1). Plaintiff seeks remand pursuant to 28 U.S.C. § 1447(c).

Plaintiff is a prolific pro se litigant in this Court and state court. In Laccinole v. ADT LLC, Case No. 1:18-cv-00481-WES (D.R.I.), Plaintiff unsuccessfully sought remand under very similar circumstances. Rather than seizing on arguments in a motion to dismiss, he based his remand Motion in the ADT case on an affirmative defense of lack of standing contained in Defendant's Answer. District Judge Smith summarily dispatched Plaintiff's remand Motion in a brief Order issued on October 4, 2018. Judge Smith observed that Plaintiff's Complaint "expressly invokes the TCPA, and as such, it contains a 'claim to relief' that 'rests upon a federal right.'" 2018 WL 4828407 at *1 (D.R.I. Oct. 4, 2018). He reasoned that "[t]he fact that Defendant has raised lack of standing as an affirmative defense does not deprive this Court of [subject matter] jurisdiction under 28 U.S.C. § 1331." Id. He denied the remand request because the dispute about Plaintiff's standing and ability to identify a compensable injury did not divest this Court of subject matter jurisdiction. Id.

The exact same reasoning employed by Judge Smith in 2018 can and will be applied here. Plaintiff's First Amended Complaint asserts federal statutory claims for relief, and Defendant's Rule 12 challenges to the viability of those claims does not deprive this Court of subject matter jurisdiction. Thus, remand under § 1447(c) is not warranted. Plaintiff cites a number of Article III standing cases but he does not cite any that are procedurally analogous and support his position

in this case.  Plaintiff highlights the recent decision in Turizo v. Healthfund Sols., LLC, Case No. 21-cv-60289, 2021 U.S. Dist. LEXIS 92775 (S.D. Fla. May 17, 2021) as one arising under "similar circumstances" and supporting his remand position.  However, that case was not decided on analogous facts and does not support Plaintiff's position.  In Turizo, both parties agreed on the "central issue" of Plaintiff's lack of standing.  The Court in Turizo reasoned that since Plaintiff did not allege any tangible (or intangible) harm in his Complaint, he lacked Article III standing to proceed in Federal Court, and the proper disposition was to remand the case to state court.  Here, on the other hand, although Plaintiff conveniently "admits" in the context of this remand Motion that he lacks Article III standing just as Plaintiff in Turizo (ECF No. 14 at p. 12), he (unlike the Plaintiff in Turizo) has filed a Complaint that plainly alleges a violation of a federal statutory right **and** that he "suffered damages," i.e., tangible (or intangible) harm, as a result.

**Conclusion**

For the foregoing reasons, I recommend that Plaintiff's Motion to Remand (ECF No. 11) be DENIED.

Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within fourteen days of its receipt.  See Fed. R. Civ. P. 72(b); LR Cv 72.  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the District Court and the right to appeal the District Court's decision.  See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

  /s/   Lincoln D. Almond
LINCOLN D. ALMOND
United States Magistrate Judge
July 2, 2021